Gaston, Judge.
 

 We are of opinion that the Superior Court did not err in dismissing the appeal.
 

 On examining the provisions in the act of incorporation, relative to the proceedings to ascertain the damages sustained by a proprietor from the condemnation of his land for the use of the company, they will be found to confer on the County Court an authority limited in extent, but final in its character. They authorise and require of the Court, upon the application of the company (sec 12) — or of the proprietor — ■ (see sec. 19) “ to appoint five disinterested and impartial freeholders” to assess these damages. On a return of the report of these commissioners, “ it shall be confirmed by the Court and entered of record.” But if the report be disaffirmed, or if the freeholders cannot agree, or should fail to make' a report within a reasonable time, “ the court may supersede them, or any of them — appoint others in their stead — and direct another view and report to be made.” The matter in controversy between the parties, “ the damages sustained by the condemnation,” is not one of which
 
 jurisdiction
 
 is given to the
 
 court.
 
 Upon that matter, the law gives the court no authority to pass. The powers granted to the court amount to' no more than the right to appoint the tribunal which shall pass upon the matter in dispute — and in a limited degree, a supervision over that tribunal, in order to quicken its action^
 
 *26
 
 or to set it aside when irregular or wrongful. The report of the commissioners must indeed be submitted to the court, and cannot be put of record until it is by the court approved. But w^en so recorded, it declares not the sentence, judgment, or decree of the court — but
 
 merely
 
 the award — or inquest of the commissioners. The enactment in "our statute regulating “appeals, and proceedings in the nature of appeals,” which allows to any person, plaintiff or defendant, or interested in a suit, to appeal from any judgment, sentence or decree of the County Court, has, it seems to us, no application to the finding of a special tribunal merely recorded in a County Court.
 

 It is apparent, too, we think, that it was designed by the Legislature that the finding of the freeholders, when admitted of record by the County Court, should be final. The 16th section is almost express to that effect: “ On the confirmation of such report, and on payment or tender to the proprietor of the land, of the damages so assessed, or the payment of said damages into Court, when, for good cause shewn, the court shall have so ordered it, the land reviewed and assessed as aforesaid, shall be vested in the Raleigh & Gaston Rail Road Company, and they shall be adjudged to hold the same in fee simple in the same manner as if the proprietors had sold and conveyed it to them.” The mode of proceeding was intended to be summary, cheap and expeditious — all which purposes would be frustrated by allowing to either party the unlimited right of appeal. Besides, while the Legislature may have thought the justices of the County Court, because of their knowledge of the freeholders of the county, a very competent body to select such of these freeholders as were best qualified to make the assessment of damages,
 
 non constat
 
 that they supposed the legal learning of the Judge of the Superior Court would supply the defect of this personal knowledge, and enable him to make a more judicious selection. No provision is made for the trial of the question of damages at bar. If the report of the commissioners be set aside, the act contemplates the appointment of new commissioners to view the land and report the damages.
 

 In addition to these reasons for believing that the Legisla
 
 *27
 
 ture did not intend to give the right of appeal, from the final action of the commissioners in the County Court, or of that' court upon the report of the commissioners, we are confirmed in this belief, by observing, that in analogous cases where the appeal was intended, the Legislature have expressly given it. Such is the case with respect to the mode of ascertaining damages of persons injured by the erection of public mills — so also in controversies about appointing or settling ferries — and on petitions for laying out or altering public roads.
 

 In saying that there is no appeal given by the act of incorporation, we are not to be understood as holding that the Superior Court has not the power to correct injustice, or to rectify error in the proceedings under this act, upon a proper case being presented requiring the exercise of such a power.
 

 This control over the action of inferior tribunals, essentially belongs to that court, and is indispensable to the administration of justice. But the parties have not the right respectively, at their pleasure, to vacate the award in the County Court by an appeal therefrom.
 

 The judgment of the Superior Court is affirmed.
 

 Per Curiam. Judgment affirmed.