BOARD OF EDUCATION OF ORANGE COUNTY v. THOMAS J. FORREST
AND JAMES O. WEBB.

(Filed 6 April, 1927.)

**1. Statutes—Condemnation.**

> The statutory authority given the county board of education to condemn land for school purposes is in derogation of a common-law right, and its terms will be strictly construed as to the extent or limit of the power given.

**2. Eminent Domain — Condemnation — Appeal and Error — Schools— Board of Education—Party Aggrieved.**

> In an action brought by a county board of education to condemn lands for public school purposes, where the statute has been regularly followed as to the procedure, and accordingly the appraisers appointed have viewed the lands and made a report of the amount of damages to be paid to the

owner: *Held*, the board of education does not come within the meaning of the words "party aggrieved" as contemplated by the statute, and in the absence of statutory provision allowing it, the board is not entitled to appeal to the courts on the ground of excessive damages, and the award so made is final. 3 C. S., 5469.

**3. Same—Appeal and Error.**

Under the provisions of 3 C. S., 5469, relating to appeals in the proceedings for condemnation of lands by the county board of education for public school purposes, by requiring that on appeal the party aggrieved by the award of the appraisers give to the board a bond on appeal, is construed to apply in case of appeal only to the person or persons whose land is so taken. C. S., 1715-1723, has no application to this case.

**4. Constitutional Law—Trial by Jury—Statutes—Legislative Powers.**

The policy for the preservation of the right to a trial by jury provided for by Art. I, sec. 19, of the State Constitution, respecting property rights, is ordinarily for the Legislature to declare.

BROGDEN, J., having been of counsel, took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Lyon, J.,* at October Term, 1926, of ORANGE. Affirmed.

The facts appear sufficiently in the judgment of the court below, as follows:

"This cause coming on for hearing upon an appeal and exceptions filed by the plaintiff to the award of appraisers in connection with the taking of a school site by the plaintiff, the court finds the following facts:

"1. That upon motion of Gattis & Gattis, attorneys for plaintiff, duly made before the clerk of this court in accordance with an order of Hon. W. A. Devin, judge, duly signed at the March Term, 1926, of the Superior Court of Orange County, said clerk did, on 27 March, 1926, duly appoint and designate H. J. Walker, S. T. Latta, Jr., and G. G. Bivins as appraisers to assess the value of the lot or tract of land described in the petition filed in this cause, containing a little over one acre of land belonging to the defendants.

"2. That in accordance with said appointment, the appraisers above named, to wit, H. J. Walker, G. G. Bivins, and S. T. Latta, Jr., did, on 29 March, 1926, submit a report in words and figures as follows: 'After being notified of our appointment, we proceeded, on 29 March, 1926, to go upon the premises described in the petition in this proceeding and appraised the said lot at the sum of $925; metes and bounds of said lot being the same as set out in the pleadings in this proceeding.' Said report was duly signed by each of the appraisers above named.

"3. That on 30 March, 1926, the clerk of the Superior Court, without notice to either party, did in all respects approve and confirm said report.

"4. That on 7 April, 1926, the plaintiff excepted to the report of the appraisers for the reasons, first, that said report gave too high a valuation, and that, second, said report did not appraise the lands as of the day of notice of *lis pendens* were filed, and from the order of the clerk confirming the said report, and appealed to the Superior Court at term.

"5. That on ... .. April, 1926, the plaintiff deposited with the clerk of the Superior Court of Orange County the amount of $925, but did at said time instruct said clerk to retain possession of said money until this matter was finally determined. That immediately upon depositing said money in the office of the clerk of the Superior Court, the plaintiff did take physical actual control of the land described in the petition, having same leveled over and using same for its own purposes since that time.

"That the plaintiff in this matter is proceeding under the provisions and authority given by section 61 of chapter 136 of the Public Laws of 1923, which is now section 5469 of the Consolidated Statutes of North Carolina, as set forth in volume 3 thereof.

"Upon the foregoing facts found, the court being of the opinion that said section does not contemplate or provide for appeal by county board of education in cases similar to the one now under consideration, and that in such cases the award of the appraisers is final so far as the board of education is concerned, said board having the right to accept said appraisal, or if the same is unsatisfactory, then to not accept the land in question.

"It is therefore accordingly ordered, adjudged, and decreed that the defendants, T. J. Forrest and James O. Webb, having judgment against the board of education of Orange County in the amount of $925, together with interest on said sum from 30 March, 1926, until paid, and for the costs of this action as taxed by the clerk."

*Gattis & Gattis for plaintiff.*
*R. O. Everett and A. H. Graham for defendant.* ·

CLARKSON, J. This is a special proceedings, brought by plaintiff to condemn for school purposes certain lands of the defendants, under the provision and authority given by section 61 of chapter 136, Public Laws of 1923, 3 C. S., 5469. The sole question involved in the appeal is, Does the statute above, or the general law, give the right of appeal to the board of education from the valuation placed upon the land by the appraisers, or is the valuation final so far as the board of education is concerned? We are of the opinion the board of education has no right to appeal.

The language to be construed, upon the right of the board of education to appeal, is as follows: "The county board of education may

receive by gift or by purchase suitable sites for schoolhouses or other school buildings. But whenever the board is unable to obtain a suitable site for a school or school building by gift or purchase, the board shall report to the county superintendent of public instruction, who shall, upon five days notice to the owner or owners of the land, apply to the clerk of the Superior Court of the county in which the land is situated for the appointment of three appraisers, who shall lay off by metes and bounds not more than ten acres, and shall assess the value thereof. They shall make a written report of their proceedings, to be signed by them, or by a majority of them, to the clerk within five days of their appointment, who shall enter the same upon the records of the court. The appraisers and officers shall serve without compensation. If the report is confirmed by the clerk, the chairman and the secretary of the board shall issue an order on the treasurer of the county school fund, in favor of the owner of the land thus laid off, and upon the payment, or offer of payment, of this order, the title to such land shall vest in fee simple in the corporation. *Any person aggrieved by the action of the appraisers may appeal to the Superior Court in term, upon giving bond to secure the board against such costs as may be incurred on account of the appeal not being prosecuted with effect."* 3 C. S., part of sec. 5469.

The board of education is the actor. It is taking private property for public purpose. Acts of this nature are strictly construed.

In *Griffith v. R. R.,* 191 N. C., 84, at p. 89, *Brogden, J.,* in writing the opinion of the Court, says: "The rule is stated thus in *R. R. v. Lumber Co.,* 132 N. C., 652: 'In construing statutes which are claimed to authorize the exercise of the power of eminent domain, a strict rather than liberal construction is the rule. Such statutes assume to call into active operation a power which, however essential to the existence of the Government, is a derogation of the ordinary rights of private ownership and the control which the owner usually has of his property.' "

Construing a statute somewhat similar, in *R. R. v. Jones,* 23 N. C., p. 24, *Gaston, J.,* said: "The mode of proceeding was intended to be summary, cheap, and expeditious."

Plaintiff in its prayer says: "Wherefore, plaintiff (board of education of Orange County) prays the court to appoint three disinterested persons as appraisers to lay off said lot by metes and bounds and assess the value thereof, and that the same be declared to be the property of the plaintiff, and for such other relief as it may be entitled." All this was done on the petition of plaintiff.

*Aggrieved* does not apply to the board of education, as the statute plainly says the person aggrieved can appeal, by giving bond to secure the *board,* clearly meaning the board of education. The statute gave no right to the board of education to appeal.

C. S., 3949 (6). Rules of Construction of Statutes, in part, is as follows: "The word 'person' shall extend and be applied to bodies politic and corporate, as well as to individuals, *unless the context clearly shows to the contrary."* We think the context clearly shows to the contrary.

The Const. of N. C., Art. I, sec. 19, says: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." The policy respecting property is for the Legislative Department of Government, which should ever be mindful of the wisdom of ages as expressed in the Constitution.

In *Dickson v. Perkins,* 172 N. C., p. 362, speaking to the question, it is said: "It is further insisted that the statute is invalid because no proper provision is made for an appeal on the question of damages. If this be conceded as the correct interpretation of the statute, it is very generally held that, unless in violation of some express constitutional provision, the Legislature may make the award of appraisers final as to the amount of damages. *R. R. v. Ely,* 95 N. C., 77; *R. R. v. Jones,* 23 N. C., 24; *Ross v. Board Sup.,* 128 Iowa, 427; 2 Lewis Eminent Domain, sec. 787." *Hartsfield v. New Bern,* 186 N. C., p. 142.

It is contended that the clerk approved and confirmed the award of the appraisers without notice. It is always important that notice be given, but in the present case it was waived. Plaintiff took actual possession—*pedis possessio*—of the land from defendants, and deposited the amount of award with the clerk. *In re Baker,* 187 N. C., p. 257.

The general law under "Eminent Domain," C. S., 1715-1723, is in no wise applicable. Plaintiffs' rights are controlled by authority given in 3 C. S., 5469. The allegations in the pleadings all show the proceedings were instituted under and plaintiff relied on C. S., 5469, *supra.* In fact, C. S., 1715, refers to corporations enumerated in C. S., 1706, among them—(5). County boards of education, "in order to obtain a pure and adequate water supply for such school," etc.

C. S., 1723, says: ". . . The corporation, or any person interested in the said land, may file exceptions to said report," and again, "Either party to the proceedings may appeal . . ." Nor does C. S., 1723, provide that a bond shall be given by a person appealing to protect the board, as does C. S., 5469, *supra.* This case was here before—see *Board of Education v. Forrest,* 190 N. C., p. 753.

We can find no error in the judgment of the court below.

Affirmed.

BROGDEN, J., having been of counsel, took no part in the consideration or decision of this case.