IN THE MATTER OF MARY LOU FERGUSON

No. 8019DC659

(Filed 17 February 1981)

**1. Appeal and Error § 6.9— denial of motion for jury trial — appealability**

An interlocutory order denying a motion for jury trial in a proceeding to terminate parental rights affects a substantial right and is immediately appealable. G.S. 1-277(a); Art. I, § 25 of the N. C. Constitution.

---

**In re Ferguson**

---

**2. Jury § 1; Parent and Child § 1— proceeding to terminate parental rights — no right to jury trial**

   Respondent mother had no constitutional right to a jury trial in a proceeding to terminate her parental rights.

APPEAL by Ottie Lamb Ferguson, respondent, from *Heafner, Judge.* Order signed 21 February 1980 in District Court, RANDOLPH County. Heard in the Court of Appeals 4 February 1981.

This is a proceeding for the termination of parental rights with respect to the child, Mary Lou Ferguson. Ottie Lamb Ferguson, mother of the child, filed answer denying the material allegations of the petition and requested a jury trial. At the hearing in district court, attorney for Ottie Lamb Ferguson moved for a jury trial on all issues before the court. On this question, counsel raised the constitutionality of N.C.G.S. 7A-289.30 which requires the hearing to be by the district court sitting without a jury.

From the order of the court denying the motion for jury trial, Ottie Lamb Ferguson appeals.

*Gavin and Pugh, by W. Ed Gavin, for petitioner, Randolph County Department of Social Services.*

*Ottway Burton for respondent appellant.*

*Attorney General Edmisten, by Associate Attorney Lemuel W. Hinton and Assistant Attorney General Henry T. Rosser, for the State, amicus curiae.*

MARTIN (Harry C.), Judge.

**[1]** At the outset, we note that Ottie Lamb Ferguson, mother of the child involved, is a proper party to this proceeding. The order denying her motion for jury trial is interlocutory but does affect a substantial right within the meaning of N.C.G.S. 1-277(a) and is appealable. N.C. Const. art. I, § 25.

**[2]** The question thus raised is whether the North Carolina constitutional requirement of trial by jury is applicable to a proceeding for termination of parental rights under Article 24B of Chapter 7A of the General Statutes of North Carolina. We are of the opinion and hold that it does not apply.

Rule 38 of the North Carolina Rules of Civil Procedure provides:

(a) *Right preserved.*—The right of trial by jury as declared by the Constitution or statutes of North Carolina shall be preserved to the parties inviolate.

(b) *Demand.*—Any party may demand a trial by jury of any issue triable of right by a jury . . . .

N.C. Gen. Stat. 1A-1, Rule 38(a) and (b). Thus it appears that if the issues in this proceeding are triable by a jury as a matter of constitutional or statutory right, respondent was entitled to the granting of her motion for jury trial.

The statute involved does not grant a trial by jury in this proceeding. To the contrary, it requires the proceeding to be heard by the court without a jury.

The question remains, is there a constitutional right to a jury trial in this proceeding? We answer no. Chief Justice Parker, in discussing jury trial under section 19 (now section 25) of article I of the North Carolina Constitution said: "Under this constitutional provision, 'trial by jury is only guaranteed where the prerogative existed at common law or by statute at the time the Constitution was adopted.'" *In re Wallace,* 267 N.C. 204, 207, 147 S.E.2d 922, 923 (1966). *Accord, In re Bonding Co.,* 16 N.C. App. 272, 192 S.E.2d 33, *cert. denied,* 282 N.C. 426 (1972). The Court in *Railroad v. Parker,* 105 N.C. 246, 248, 11 S.E. 328, 328 (1890), held that it was settled by *Rail Road Company v. Davis,* 19 N.C. 451 (1837) (the Court speaking through the great Chief Justice Ruffin), that the Constitution guarantees the right to jury trial "in controversies respecting property, only in cases where, under the common law, the demand that the facts should be so found could not have been refused." *See* 2 McIntosh, N.C. Practice and Procedure §§ 1431-1433 (2d ed. 1956).

Although counsel do not make a due process argument, we find that the United States Constitution does not require a jury trial as a part of due process. *Insurance Co. v. Glidden Co.,* 284 U.S. 151, 76 L.Ed. 214 (1931); *Wagner Co. v. Lyndon,* 262 U.S. 226, 67 L.Ed. 961 (1923). Also, the seventh amendment of the United States Constitution, guaranteeing jury trials in federal courts, is not applicable to the state courts. *Williams v. Williams,* 13 N.C. App. 468, 186 S.E.2d 210 (1972).

Proceedings to terminate parental rights in children were unknown at the common law. Nor did they exist by statute at the

time of the adoption of our constitution. The statute establishing these proceedings was first adopted by the legislature in 1969. The legislature in adopting this procedure established the policy of having the issues decided by the court without a jury. This was properly the prerogative of the legislature. *Board of Education v. Forrest,* 193 N.C. 519, 137 S.E. 431 (1927).

There was no right to jury trial at common law in proceedings to terminate parental rights, nor by statute at the time our constitution was adopted, and it is not now provided for by the statute. Therefore, we hold appellant's motion for a trial by jury was properly denied.

Affirmed.

Judges WEBB and WHICHARD concur.