CATHY ANN ARNEY v. BILLY RAY ARNEY

No. 8425DC432

(Filed 6 November 1984)

**Rules of Civil Procedure § 38— jury trial waived by failure to make timely demand**

   Defendant waived his right to a jury trial on the issue of absolute divorce
   where he demanded a jury trial on absolute divorce on 9 February and the last
   pleading directed to that issue was his answer, filed 28 December 1983. Plain-
   tiff's reply, served on 6 February 1984 and filed on 9 February 1984, dealt only
   with defendant's counterclaim for child custody and support. G.S. 1A-1, Rule
   38(b).

APPEAL by defendant from *Tate, Judge.* Judgment entered 9
February 1984 in District Court, CATAWBA County. Heard in the
Court of Appeals 25 October 1984.

   The pertinent facts are not in dispute. Plaintiff filed her com-
plaint on 2 December 1983 seeking an absolute divorce based on a
year's separation, and seeking custody and support of the parties'
minor child. On 28 December 1983 the defendant filed an "Answer
and Counterclaim and Notice of Hearing" (hereinafter "answer")
in which he admitted the facts alleged as the basis for the ab-
solute divorce, realleged these same facts in his own request for
an absolute divorce and counterclaimed for custody and child sup-
port. This pleading did not contain a demand for a jury trial.

   Plaintiff served its "Reply and Prayer for Further Relief"
(hereinafter "reply") on 6 February 1984, which was filed on 9
February 1984. This reply responded to allegations made in the
answer concerning defendant's counterclaim for custody and child
support; it also admitted the grounds for divorce which had been
admitted and realleged by defendant in his answer.

   On the day scheduled for hearing on plaintiff's action for ab-
solute divorce, 9 February 1984, defendant filed and served a
document demanding a jury trial on all issues. The trial court
denied defendant's demand for jury trial and granted plaintiff an
absolute divorce. Defendant appeals.

   *Rudisill and Brackett, P.A., by Keith Bridges, for plaintiff-
appellee.*

   *Randy D. Duncan for defendant-appellant.*

VAUGHN, Chief Judge.

This case presents a single issue: Did the trial court err when it ruled that defendant had waived his right to a jury trial on the issue of absolute divorce? We find no error and therefore affirm.

Rule 38(b) of the North Carolina Rules of Civil Procedure provides in part that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." The defendant's answer was served on 28 December 1983; the plaintiff's reply was served on 6 February 1984 and filed on 9 February 1984. Defendant's demand for a jury trial was filed and served on 9 February 1984. If the last pleading directed to the issue of absolute divorce is plaintiff's reply, then the defendant's demand for jury trial was timely made; if the last pleading so directed is defendant's answer, then it was not.

Clearly, the defendant's answer is directed to the issue of absolute divorce, admitting as it does all allegations relevant to that issue. But is the plaintiff's reply also directed to this issue, thus rendering timely defendant's demand for a jury trial? We are compelled to conclude that it was not. Defendant's answer contains a counterclaim for custody and child support. The language in the section of that pleading denominated "counterclaim," seemingly directed toward the issue of absolute divorce, is extrinsic to the subject matter of the counterclaim and is, therefore, superfluous. As a legal matter, plaintiff's reply addresses only the issues of child custody and child support. Insofar as plaintiff's reply admitted the grounds for absolute divorce, it was only repeating what had been alleged in the complaint and then admitted and realleged in defendant's answer.

There are cases construing the substantially similar federal rule holding that a demand for a jury trial made within ten days of a reply does not necessarily cover issues raised in the complaint and answer, *i.e.*, is not timely made, unless the counterclaim involved arises out of the subject matter of the complaint and is, therefore, compulsory. *See Tights, Inc. v. Stanley*, 441 F. 2d 336 (4th Cir.), *cert. denied*, 92 S.Ct. 90, 404 U.S. 852, 30 L.Ed. 2d 91 (1971); *Consolidated Fisheries Co. v. Fairbanks Morse*

*& Co.,* 9 F.R.D. 539 (E.D. Pa. 1949). Custody and child support are manifestly not in the nature of compulsory counterclaims to an action for absolute divorce. *See* G.S. 50-19. Therefore, defendant's demand for a jury trial, not made within ten days of its 28 December 1983 pleading, was not timely. The denial of a belated demand for a jury trial is within the discretion of the judge. *Schoolfield v. Collins,* 281 N.C. 604, 189 S.E. 2d 208 (1972). The judgment granting plaintiff an absolute divorce is without error.

Affirmed.

Judges BRASWELL and EAGLES concur.