Faircloth v. Beard

———————————

CHARLES L. FAIRCLOTH AND LONNIE VANCE MICHAEL v. HUGH JOSEPH BEARD, McDANIEL LEWIS BEARD, BEARD FABRICS, INC., BEARD PROPERTIES, LIMITED, A PARTNERSHIP, AND HJB PROPERTIES, LIMITED, A PARTNERSHIP

No. 8615SC270

(Filed 4 November 1986)

**Jury § 1; Appeal and Error § 6.2— jury trial allowed—no appeal from order**

Where plaintiffs brought a shareholder derivative suit alleging self-dealing by defendants and seeking damages, the imposition of a constructive trust, and other relief, and plaintiffs demanded trial by jury, defendants could not appeal from the trial court's denial of their motion to invalidate all demands for a jury trial.

APPEAL by defendants from *McLelland, Judge.* Order entered 23 January 1986 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 September 1986.

*Ridge, Richardson & Johnson, by Paul H. Ridge and Daniel Snipes Johnson, for appellants.*

*Hemric, Hemric & Hemric, P.A., by H. Clay Hemric and Nancy G. Hemric, and Wishart, Norris, Henninger & Pittman, P.A., by W. Kelly Elder, Jr., for appellees.*

ORR, Judge.

Appellants are four of five defendants named in a shareholder derivative suit brought by plaintiffs Faircloth and Michael on behalf of the North Carolina corporation Beard Fabrics, Inc. Plaintiffs' original complaint, filed in Alamance County 21 May 1982, alleged self-dealing by defendants and requested relief in the form of damages, the imposition of a constructive trust or equita-

ble lien upon any real property owned by the corporation, court-supervised liquidation and dissolution of the corporation, including the appointment of a receiver, and the costs and expenses of maintaining the action. In their complaint plaintiffs demanded trial by jury on all issues so triable. The answer of defendant corporation Beard Fabrics, Inc., also included a demand for a jury trial. In a supplemental complaint filed 27 November 1985, plaintiffs alleged that defendant officers had breached their fiduciary duty to the corporation, for which plaintiffs sought punitive damages in addition to the recovery of compensatory damages sought in the original pleadings.

On 2 January 1986 defendants moved to invalidate all demands for a jury trial on the grounds that no such right exists with respect to this controversy. The trial court denied defendants' motion. Defendants' appeal rests upon the sole question whether their motion was erroneously denied.

An order that denies a motion to invalidate a party's request for a jury trial is interlocutory: it does not determine the issues. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). *See also Dunlap v. Dunlap*, 81 N.C. App. 675, 344 S.E. 2d 806 (1986). Whether an appeal may be taken from such an order is governed by statute, the pertinent provisions of which have been succinctly restated by the Supreme Court:

> Pursuant to G.S. Sec. 1-277 and G.S. Sec. 7A-27, no appeal lies to an appellate court from an interlocutory order or ruling of a trial judge unless such order or ruling deprives the appellant of a substantial right which he would lose absent a review prior to final determination.

*A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E. 2d 754, 759 (1983). The crux of this appeal, therefore, is whether a substantial right of the appellants has been jeopardized by the trial court's order. We hold that no such right is affected under the circumstances presented by this case.

Article I, Section 25, of the North Carolina Constitution guarantees the right to a trial by jury "in all cases where the prerogative existed at common law or by statute at the time the 1868 Constitution was adopted," *N.C. State Bar v. DuMont*, 304 N.C. 627, 641, 286 S.E. 2d 89, 98 (1982); but no constitutional provi-

sion has been interpreted to guarantee a trial by judge on demand. Nor is there an analogue to G.S. 1A-1, Rule 38(a) and (b), preserving the right to trial by jury, which states the right to a trial by judge. Indeed, Rule 39 acknowledges a judge's considerable discretion in trying issues with or without the advisory or binding advice of a jury. This Court has held that an order *denying* a party's "motion for a jury trial is interlocutory but does affect a substantial right within the meaning of N.C.G.S. 1-277(a)." *In re Ferguson*, 50 N.C. App. 681, 682, 274 S.E. 2d 879, 879 (1981). However, we find no authority in support of appellants' contention that an order denying a party's motion to strike the adversary's demand for a jury trial affects a substantial right of the moving party.

It is important to recognize that the trial court's order in this case is no more than a denial of the defendants' motion to invalidate the plaintiffs' demand for a jury trial. The order before us includes no finding by the trial court that the parties were or were not entitled to a trial by jury, as Rule 39(a) permits the trial court to do; nor does the record indicate that the trial judge was opting under Rule 39(c) for an advisory jury. The trial court's order did not exercise the court's discretion pursuant to Rule 39. In this context, we hold that no substantial right of appellants was affected by the trial court's order. Appellants' appeal is accordingly

Dismissed.

Chief Judge HEDRICK and Judge ARNOLD concur.