DICK PARKER FORD, INC., PLAINTIFF v. MARY JANE BRADSHAW, DE-
FENDANT AND THIRD-PARTY PLAINTIFF v. RICHARD DOUGLAS BRADSHAW,
THIRD-PARTY DEFENDANT

DICK PARKER FORD, INC., THIRD-PARTY PLAINTIFF v. PRESTON HUGH
JUSTICE AND DONALD FRANKLIN LEATHERMAN, THIRD-PARTY
DEFENDANTS

No. 903SC861

(Filed 16 April 1991)

**Rules of Civil Procedure § 39 (NCI3d)— trial by jury—motion
denied—no error**

The trial court did not err by denying defendant and
third-party plaintiff Mary Bradshaw's motion for a trial by
jury where the demand for a jury trial was not timely under
N.C.G.S. § 1A-1, Rule 38(b). Even if Bradshaw's counterclaims
were compulsory, they were not filed within ten days of serv-
ice of plaintiff's reply. Although Bradshaw contended that the
demand was timely because it was made not later than ten
days after service of the answer to plaintiff's third-party com-
plaint, that complaint and answer addressed the issue of in-
demnification as between those parties. References in those
pleadings seemingly directed toward the original claims were
extrinsic to the subject matter of indemnification and were
superfluous.

**Am Jur 2d, Jury §§ 61 et seq.**

APPEAL by defendant and third party plaintiff from order
entered 21 May 1990 by *Judge James Llewellyn* in CARTERET
County Superior Court. Heard in the Court of Appeals 12 March 1991.

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by
Claud R. Wheatly, Jr., and George L. Wainwright, Jr., for plaintiff-
appellee Dick Parker Ford, Inc.*

*Beaman, Kellum, Hollows & Jones, P.A., by J. Allen Murphy,
for defendant and third party plaintiff-appellant Mary Jane
Bradshaw.*

*Hamilton, Bailey, Way & Brothers, by John E. Way, Jr., for
third party defendant-appellee Richard Douglas Bradshaw.*

DICK PARKER FORD, INC. v. BRADSHAW

[102 N.C. App. 529 (1991)]

PARKER, Judge.

The only issue presented by this appeal is whether the trial court erred in denying defendant and third party plaintiff Mary Jane Bradshaw's motion for trial by jury. For reasons which follow, we hold the trial court did not err in denying the motion.

On 4 May 1989 plaintiff Dick Parker Ford, Inc., filed a complaint against defendant Mary Jane Bradshaw alleging fraud and misrepresentation. Plaintiff's action was based on events which occurred in September 1987, when defendant Mary Jane Bradshaw purchased an automobile from plaintiff and as part of the transaction traded in two other vehicles. By pleadings filed 5 July 1989, defendant answered plaintiff's complaint and raised counterclaims based on fraud and unfair or deceptive trade practices. On 6 July 1989 plaintiff filed a reply generally denying the allegations of defendant's counterclaims. None of these initial pleadings included a demand for jury trial; no such demand was filed by either party within ten days after service of plaintiff's reply.

On 7 July 1989 pursuant to Rule 14 of the North Carolina Rules of Civil Procedure, plaintiff filed a third party complaint against two former employees, Preston Hugh Justice and Donald Franklin Leatherman, claiming indemnification against such loss as plaintiff might sustain as a result of defendant's counterclaims.

On 21 August 1989 defendant filed against Richard Douglas Bradshaw a third party complaint claiming indemnification against such loss as she might sustain as a result of plaintiff's claims against her.

On 8 September 1989 third party defendants Justice and Leatherman moved pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure to dismiss the action against them. The motion came on for hearing at the 6 November 1989 Civil Session of Carteret County Superior Court. By order entered 15 December 1989, the trial court denied the motion to dismiss, ordering Justice and Leatherman to answer the third party complaint against them and allowing them twenty days in which to file the responsive pleading. However, third party defendants Justice and Leatherman did not file an answer until 12 April 1990.

In the meantime, on 1 March 1990, defendant and third party plaintiff Bradshaw filed a demand pursuant to Rule 38(b) of the North Carolina Rules of Civil Procedure for a jury trial on all

## DICK PARKER FORD, INC. v. BRADSHAW

[102 N.C. App. 529 (1991)]

triable issues. On the same day, she filed a motion for jury trial pursuant to Rule 39(b) of the North Carolina Rules of Civil Procedure. These pleadings represent the first assertion by any party of the right to trial by jury. Sometime after 20 March, defendant and third party plaintiff Bradshaw, with the consent of third party defendants Justice, Leatherman, and Bradshaw, moved to continue the action, set for trial during the 2 April 1990 session. By its order filed 21 May 1989, the trial court denied the motion for a jury trial, and defendant and third party plaintiff Bradshaw gave notice of appeal.

On appeal, defendant contends that since her demand for jury trial was timely made, the court erred and abused its discretion in denying her motion for jury trial. We disagree.

"The established policy of this State—declared in both the constitution and statutes—is that the credibility of testimony is for the jury, not the court, and that a genuine issue of fact must be tried by a jury unless this right is waived." *Cutts v. Casey*, 278 N.C. 390, 421, 180 S.E.2d 297, 314 (1971). An order denying a jury trial is immediately appealable because it affects a substantial right. *In re McCarroll*, 313 N.C. 315, 316, 327 S.E.2d 880, 881 (1985). *Accord Faircloth v. Beard*, 320 N.C. 505, 507, 358 S.E.2d 512, 513 (1987). Notwithstanding the importance of the right to trial by jury, the right must be asserted:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be made in the pleading of the party or endorsed on the pleading.

> . . . .

> Except in actions wherein jury trial cannot be waived, the failure of a party to serve a demand as required by this rule and file it as required by Rule 5(d) constitutes a waiver . . . of trial by jury.

N.C.G.S. § 1A-1, Rules 38(b) and (d) (1990). The effect of the enactment of the North Carolina Rules of Civil Procedure on the right to trial by jury has been explained thus

Under prior North Carolina law, a request for jury trial was not required. G.S. 1-172 (Recompiled 1953) provided, "An issue of fact must be tried by a jury, unless a trial by jury is waived or a reference ordered." G.S. 1-184 (Recompiled 1953) provided that the means for waiver of jury trial were default or consent. However, Rule 38(d) of the new Rules provides that "the failure of a party to serve a demand as required by this rule . . . constitutes a waiver . . . of trial by jury."

*Schoolfield v. Collins*, 281 N.C. 604, 617, 189 S.E.2d 208, 216 (1972). The federal rules of civil procedure effected the same change: Under pre-rules practice, demand for jury trial in an action at law was not necessary. A jury trial could be waived, but absent express waiver, jury trial followed as a matter of course. The rules, however, adopted the opposite approach: Rule 38(d) creates a waiver unless an affirmative demand is timely made under Rule 38(b). 5 J. Moore, *Moore's Federal Practice* ¶ 38.39[1], at 38-363 (2d ed. Supp. 1991).

In *Schoolfield*, the Court considered whether the trial court erred in denying respondent's motion for a jury trial. The original petition was filed 15 October 1969 and amended 18 December 1969. Respondent's answer, filed 13 January 1970, contained no demand for a jury trial. On 18 February 1970 respondent filed a one-sentence demand for jury trial and on 13 March 1970, a motion pursuant to Rule 39(b) for jury trial. Citing Rules 38(b) and (d), the Court concluded that since the last pleading was filed 13 January 1970, ten days from that date both parties were precluded from demanding a jury trial. 281 N.C. at 618, 189 S.E.2d at 216. The Court held denial of respondent's belated demand for a jury trial was within the discretion of the trial court and no abuse of discretion or error was involved. *Id.* at 617, 189 S.E.2d at 216.

In *Arney v. Arney*, 71 N.C. App. 218, 321 S.E.2d 472 (1984), *disc. rev. denied*, 313 N.C. 173, 326 S.E.2d 31 (1985), this Court considered the meaning of the words "last pleading directed to such issue" in Rule 38(b). Plaintiff's complaint seeking an absolute divorce and custody and support of the parties' minor child was filed 2 December 1983. On 28 December 1983 defendant filed an answer and counterclaim, admitting the facts alleged as the basis for the absolute divorce and counterclaiming for custody and child support. Defendant's pleading did not contain a demand for jury trial. Plaintiff's reply was served on 6 February 1984; it added no new matter. On 9 February 1984, the day scheduled for hearing

DICK PARKER FORD, INC. v. BRADSHAW

[102 N.C. App. 529 (1991)]

plaintiff's action for absolute divorce, defendant filed and served a demand for jury trial on all issues. The trial court denied defendant's demand for jury trial. On appeal, the Court stated, "If the last pleading directed to the issue of absolute divorce is plaintiff's reply, then the defendant's demand for jury trial was timely made; if the last pleading so directed is defendant's answer, then it was not." *Id.* at 219, 321 S.E.2d at 473. The Court went on to conclude

> Clearly, the defendant's answer is directed to the issue of absolute divorce, admitting as it does all allegations relevant to that issue. But is the plaintiff's reply also directed to this issue, thus rendering timely defendant's demand for a jury trial? We are compelled to conclude that it was not. Defendant's answer contains a counterclaim for custody and child support. The language in the section of that pleading denominated "counterclaim" seemingly directed toward the issue of absolute divorce, is extrinsic to the subject matter of the counterclaim and is, therefore, superfluous. As a legal matter, plaintiff's reply addresses only the issues of child custody and child support. Insofar as plaintiff's reply admitted the grounds for absolute divorce, it was only repeating what had been alleged in the complaint and then admitted and realleged in defendant's answer.

> There are cases construing the substantially similar federal rule holding that a demand for a jury trial made within ten days of a reply does not necessarily cover issues raised in the complaint and answer, *i.e.*, is not timely made, unless the counterclaim involved arises out of the subject matter of the complaint and is, therefore, compulsory. Custody and child support are manifestly not in the nature of compulsory counterclaims to an action for absolute divorce. Therefore, defendant's demand for a jury trial, not made within ten days of its 28 December 1983 pleading, was not timely. The denial of a belated demand for a jury trial is within the discretion of the judge. The judgment granting plaintiff an absolute divorce is without error.

*Id.* at 219-20, 321 S.E.2d at 473 (citations omitted).

Under *Arney*, if defendant and third party plaintiff Bradshaw's counterclaims were compulsory, *i.e.*, arose out of the subject matter of plaintiff's complaint, then a demand made not later than ten days after service of plaintiff's reply would constitute a timely

demand under Rule 38(b). Even if it be assumed that the counterclaims were compulsory, to be timely,. demand for jury trial had to be made within ten days after service of plaintiff's reply, filed 6 July 1989. Although the record does not reveal when the reply was served, defendant and. third party plaintiff Bradshaw does not contend service was other than contemporaneous with the July 1989 filing of the reply. Since the demand for jury trial was not made until 1 March 1990, it was not timely under Rule 38(b).

Under *Schoolfield* and *Arney*, since the demand was a belated demand, whether to grant the motion for jury trial was within the discretion of the trial court. We therefore conclude the trial court did not err in denying the motion for jury trial.

Defendant and third party plaintiff Bradshaw also contends, however, that the demand was timely because (i) plaintiff's third party complaint, by incorporating both plaintiff's original complaint and defendant's answer and counterclaim, addressed issues raised in those two pleadings; (ii) the answer of third party defendants Justice and Leatherman similarly addressed those issues; and (iii) the demand for trial on all issues, made before third party defendants Justice and Leatherman filed an answer, was made not later than ten days after service of their answer to plaintiff's third party complaint. We do not agree that the demand was timely.

Under *Arney*, the pleading alleged to address the issue upon which jury trial is sought must be analyzed to determine what issues it actually addresses. The recital of language directed toward an issue extrinsic to the subject matter of the pleading is deemed superfluous. 71 N.C. App. at 219, 321 S.E.2d at 473.

Applying these principles and looking to the pertinent pleadings, we find plaintiff's third party complaint and the answer of third party defendants Justice and Leatherman addressed the issue of indemnification as between these parties. References, if any, in these pleadings seemingly directed toward fraud, misrepresentation, and unfair or deceptive trade practices, being extrinsic to the subject matter of indemnification, are therefore superfluous. *See also* 5 *Moore's Federal Practice, supra,* ¶ 38.39[2], at 38-367 (demand within ten days after service of reply to third party answer is timely as to issues raised in third party complaint and answer but not as to issues raised in complaint and answer); 2A *Moore's Federal Practice* ¶ 7.04, at 7-12 (2d ed. Supp. 1990) (third party

complaint proceeds on a claim not comprehended in the original complaint).

While in the case *sub judice* it could be argued that defendant and third party plaintiff's demand was timely as to the issue of indemnification, the parties between whom indemnification was an issue had not demanded or moved for a jury trial. Under any view, defendant and third party plaintiff's demand was not timely as to issues raised in the complaint, answer, and reply. For these reasons, we hold the trial court did not err in denying defendant and third party plaintiff Bradshaw's motion for jury trial.

Affirmed.

Judges JOHNSON and ORR concur.