DEPARTMENT OF TRANSPORTATION, PLAINTIFF v. FRANK O. AUTEN, ET AL, DEFENDANTS

No. 9124SC678

(Filed 16 June 1992)

**Eminent Domain § 33 (NCI4th) — highway right of way — recording — not required before 1959**

The trial court did not err by holding that the Department of Transportation had a valid right of way across certain lots where the right of way was obtained in 1955 and not recorded. Under *Kaperonis v. North Carolina State Highway Commission*, 260 N.C. 587, DOT is not required by N.C.G.S. § 47-27 to record deeds of easement or other agreements conveying interests in land executed prior to 1 July 1959.

**Am Jur 2d, Municipal Corporations § 532.**

APPEAL by defendant from order entered 1 April 1991 by *Judge Charles C. Lamm, Jr.*, in WATAUGA County Superior Court. Heard in the Court of Appeals 11 May 1992.

On 18 February 1955 the State Highway and Public Works Commission, now the Department of Transportation (DOT), purchased a 100 foot right of way across lot 34 in Watauga County from Maurice Waddell, Sr. and Richard R. Pierce in preparation for the construction of N.C. Highway 105. On 29 September 1955 the Highway Commission purchased a 100 foot right of way across lots 31 and 32 from D. O. and Margaret N. Fugate. Neither right of way agreement was recorded.

In the late summer or early fall of 1986 Frank Auten, Dale Ward, Frank W. Petersilie, II, and John Winkler, Jr. agreed to form the 105 Ventures partnership. The partnership was created to purchase parcels of land along N.C. Highway 105 and combine them for development and resale. Wayne Smith agreed to help 105 Ventures finance the purchase in exchange for a one-half undivided interest in the properties. In the fall of 1986 Mr. Ward and Mr. Winkler, acting as trustees for the partnership, each acquired a parcel of land. One parcel consisted of lots 31 and 32; the other consisted of lot 34. Deeds for both parcels were recorded in November 1986.

On 18 July 1989 the DOT filed Complaints and Declarations of Taking and Notice of Deposit in a highway construction project to widen N.C. Highway 105. The defendants filed answers and denied plaintiff's claim to the 100 foot right of way. After an evidentiary hearing the trial court held that DOT had a valid 100 foot right of way. Defendants appeal.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Bruce McKinney, for plaintiff-appellee.*

*Miller and Moseley, by Allen C. Moseley, for defendant-appellant.*

EAGLES, Judge.

Appellants argue, *inter alia*, that the trial court erred by holding that the DOT had a valid right of way across lots 31, 32 and 34. Specifically, appellant challenges the trial court's holding that prior to 1 July 1959 the DOT was not required to record right of way agreements. We agree with the trial court and affirm.

This case is controlled by *Kaperonis v. North Carolina State Highway Commission*, 260 N.C. 587, 133 S.E.2d 464 (1963). In *Kaperonis*, the Highway Commission obtained a 100 foot right of way in 1928 for the purpose of constructing Wilkinson Boulevard. Apparently, that right of way was not recorded. In 1962 the Highway Commission began and completed a project to widen the paved portions of Wilkinson Boulevard. The new construction was wholly within the 100 foot unrecorded right of way acquired in 1928. The adjacent landowners, however, claimed that the Highway Commission did not have title to the land because the prior right of way had not been recorded. Chief Justice Denny rejected this argument and wrote:

> The appellants argue that the defendant has not established title to the right of way claimed because it has no deed of easement duly recorded. Be that as it may, it will be noted that Chapter 1244 of the Session Laws of 1959, amending G.S. 47-27, reads as follows: "From and after July 1, 1959 the provisions of this section shall apply to require the State Highway Commission to record as herein provided any deeds of easement, or any other agreements granting or conveying an interest in land which are executed on or after July 1, 1959,

STATE EX REL. UTILITIES COMM. v. CAROLINA UTILITY CUST. ASSN.

[106 N.C. App. 491 (1992)]

in the same manner and to the same extent that individuals, firms or corporations are required to record such easements."

*Id.* at 600, 133 S.E.2d at 473. With the exception of a later amendment changing "State Highway Commission" to "Department of Transportation," the portion of G.S. 47-27 quoted above has remained unchanged. We read *Kaperonis* to hold that G.S. 47-27 does not require the DOT to record deeds of easement or other agreements conveying interests in land executed prior to 1 July 1959.

We note that the appellant cites *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E.2d 772 (1967) and *Highway Commission v. Wortman*, 4 N.C. App. 546, 167 S.E.2d 462 (1969) in support of his argument that no North Carolina court has addressed the issue of whether G.S. 47-27 required the DOT to record prior to 1 July 1959. Both cases expressly declined to address the issue raised here and were decided on other grounds.

We do not reach appellant's remaining assignments.

Affirmed.

Judges ARNOLD and WELLS concur.