DEPARTMENT OF TRANSPORTATION, Plaintiff v. RALPH P. WOLFE, Defendant

No. 9325SC1258

(Filed 18 October 1994)

## 1. Eminent Domain § 195 (NCI4th)— ownership of right of way—jury trial not required

The trial court did not err in denying defendant's request for a jury trial on the issue of the ownership of a right of way on defendant's property, since the matter was called for hearing pursuant to N.C.G.S. § 136-108; one of the purposes of the hearing is to resolve any preliminary questions as to what land the DOT is condemning and any questions as to its title before the jury trial on the issue of damages; and this hearing does not infringe upon the landowner's right to a jury trial as provided by the North Carolina and United States Constitutions.

**Am Jur 2d, Eminent Domain § 407.**

**How to obtain jury trial in eminent domain: waiver. 12 ALR3d 7.**

**Supreme Court's construction of Seventh Amendment's guaranty of right to trial by jury. 40 L. Ed. 2d 846.**

## 2. Eminent Domain § 265 (NCI4th)— right of way not recorded—recording not required—notice to defendant

The trial court did not err in concluding that the DOT owned a right of way to Highway 321 across defendant's property, since DOT acquired the right of way over the property in 1949; N.C.G.S. § 47-27 does not require DOT to record deeds of easement or rights of way executed prior to 1 July 1959; and defendant had notice of the right of way on his deeds and on other deeds in his chain of title.

**Am Jur 2d, Eminent Domain §§ 443 et seq.**

Appeal by defendant from order entered 12 August 1993 by Judge J. Marlene Hyatt in Catawba County Superior Court. Heard in the Court of Appeals 13 September 1994.

*Sigmon, Clark, Mackie & Hutton, P.A., by E. Fielding Clark, II, for defendant-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General J. Bruce McKinney, for plaintiff-appellee.*

WYNN, Judge.

In 1949, the State Highway and Public Works Commission, now the Department of Transportation (DOT), acquired a right of way in Catawba County for the construction of Highway 321. The right of way was seventy-five feet wide on either side of the centerline and ran across the property of Paul and Ella Mae Yount. This right of way was not recorded. In 1988, defendant, Ralph P. Wolfe, acquired the former Yount property.

On 2 March 1992, the DOT commenced a condemnation action in accordance with N.C. Gen. Stat. § 136-103 for the purpose of widening Highway 321. The pleadings and plan sheet indicated the existing right of way across defendant's property. Defendant filed an answer and counterclaim denying the existence of the right of way and requested a jury trial on this issue. Defendant later filed an amendment which alleged defendant owned the right of way by virtue of adverse possession. DOT filed a motion for a hearing pursuant to N.C. Gen. Stat. § 136-108. After the hearing, the trial court concluded that defendant was not entitled to a jury trial regarding the existence of the right of way; that the DOT was not required to record the right of way; and that notwithstanding the fact the right of way was not recorded, defendant had notice of its existence through his chain of title. From this order, defendant appeals.

---

As an initial matter, we note that while the order defendant appeals from is interlocutory, since the trial court denied defendant's request for a jury trial the order affects a substantial right and is, therefore, immediately appealable. *In re McCarroll*, 313 N.C. 315, 327 S.E.2d 880 (1985); *Dick Parker Ford, Inc. v. Bradshaw*, 102 N.C. App. 529, 402 S.E.2d 878 (1991). We accordingly now review defendant's assignments of error.

**[1]** Defendant contends that the trial court erred by denying his request for a jury trial on the issue of the ownership of the right of way on defendant's property. We disagree. This matter was called for hearing pursuant to N.C. Gen. Stat. § 136-108 which provides that in a condemnation action:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of neces-

**DEPT. OF TRANSPORTATION v. WOLFE**

[116 N.C. App. 655 (1994)]

sary and proper parties, title to the land, interest taken, and area taken.

N.C. Gen. Stat. § 136-108 (1993).

One of the purposes of this hearing is to resolve any preliminary questions as to what land the DOT is condemning and any questions as to its title before the jury trial on the issue of damages. *North Carolina State Highway Comm'n v. Nuckles*, 271 N.C. 1, 155 S.E.2d 772 (1967). This hearing does not infringe upon the landowner's right to a jury trial as provided by the North Carolina and United States Constitutions. *Kaperonis v. North Carolina State Highway Comm'n*, 260 N.C. 587, 133 S.E.2d 464 (1963). In the instant case, therefore, the trial court did not err by denying defendant's motion for a jury trial.

[2] Defendant next argues that the trial court erred by concluding that the DOT owned a right of way to Highway 321 across defendant's property. Defendant contends that the DOT has not established title to the right of way because it has not recorded the right of way nor does any recorded reference to the right of way exist. We disagree.

In *Kaperonis*, the Supreme Court held that N.C. Gen. Stat. § 47-27, which governs deeds for rights-of-way and easements, provides that the DOT does not have to record such interests in land which were acquired prior to 1 July 1959. *Kaperonis*, 260 N.C. at 600, 133 S.E.2d at 473. In *Department of Transp. v. Auten*, 106 N.C. App. 489, 417 S.E.2d 299 (1992), this Court stated, "We read *Kaperonis* to hold that G.S. 47-27 does not require the DOT to record deeds of easement or other agreements conveying interests in land executed prior to 1 July 1959." *Id.* at 491, 417 S.E.2d at 301. We reject defendant's argument that this conclusion was a misreading and an overextension of the holding in *Kaperonis*. N.C. Gen. Stat. § 47-27 clearly provides that the provisions of the statute did not apply to the DOT until after 1 July 1959. N.C. Gen. Stat. § 47-27 (1984). Therefore, since the DOT acquired the right of way over defendant's property in 1949, it was not required to record that interest. In addition, defendant had notice of the right of way on his deeds and on the other deeds in his chain of title. Accordingly, the order of the trial court is

Affirmed.

Judges COZORT and McCRODDEN concur.