McGEE, Chief Judge.
 

 *396
 
 I.
 
 Factual and Procedural Background
 

 A minor child ("D.M.") was placed in the care and custody of William Thomas Duncan, Jr. ("Petitioner") from 8 August 2015 until 17 September 2015, while Petitioner was being considered as an adoptive parent for D.M. Due to allegations of abuse, D.M. was removed from Petitioner's custody on 17 September 2015. Upon completion of the investigation of the allegations, and pursuant to N.C. Gen. Stat. §§ 7B-311(b) and 7B-320(a) (2017), Randolph County Department of
 
 *397
 
 Social Services ("DSS") made the decision to cease consideration of Petitioner as an adoptive parent, and to place Petitioner on the responsible individuals list ("RIL"). N.C.G.S. § 7B-311(b). A person is placed on the RIL after "an investigative assessment response that results in a determination of abuse or serious neglect and the identification of a responsible individual[.]" N.C.G.S. § 7B-320(a). Petitioner filed multiple motions pursuant to N.C. Gen. Stat. § 7B-323(a) (2017), requesting judicial review, and requesting that the trial court "dismiss the ... action, or deny the decision to place him on the RIL (the "motion to dismiss").
 
 [1]
 
 Petitioner also filed a 29 December 2017 motion for a jury trial. These matters were heard on 15 November 2017 and 10 January 2018. By order entered 15 December 2017, the trial court denied
 
 *470
 
 "Petitioner's motion to deny/dismiss" DSS's decision to place him on the RIL. The trial court denied Petitioner's motion for a jury trial by order entered 12 January 2018. Petitioner appeals.
 

 II.
 
 Interlocutory Orders
 

 Petitioner appeals from orders denying his motion to dismiss and his motion for a jury trial. As Petitioner acknowledges, both of these orders are interlocutory, but Petitioner argues that they are immediately appealable. DSS filed a "Motion to Dismiss" on 20 July 2018, contending that both orders were not only interlocutory, but not immediately appealable. We grant DSS's motion to dismiss in part, and deny it in part.
 

 A.
 
 15 December 2017 Order
 

 In the motion to dismiss, Petitioner argued that he could not be placed on the RIL because he was not a "caretaker" as defined by N.C. Gen. Stat. § 7B-101(3) (2017), and as required on the present facts by N.C.G.S. § 7B-101(18a). In the trial court's 15 December 2017 order, it denied "Petitioner's motion to deny/dismiss [ ] DSS['s] decision to place Petitioner's name on the [RIL] because Petitioner was not a 'caretaker[.]' " DSS contends that Petitioner's argument should be dismissed because Petitioner has no right to appeal from the 15 December 2017 interlocutory order dismissing Petitioner's motion to dismiss DSS's determination that Petitioner was a "responsible individual" as defined by N.C.G.S. § 7B-101(18a). We agree with DSS and dismiss this argument.
 

 Petitioner argued that the present action should be dismissed pursuant to Rule 12(b)(1) or Rule 12(b)(6) of our Rules of Civil Procedure. There is no right of immediate appeal from the interlocutory denial
 
 *398
 
 of a motion to dismiss pursuant to Rule 12(b)(1).
 
 Hinson v. City of Greensboro
 
 ,
 
 232 N.C. App. 204
 
 , 209,
 
 753 S.E.2d 822
 
 , 826 (2014). Further, "The denial of a motion to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Rule 12(b)(6), Rules of Civil Procedure, G.S. 1A-1, is an interlocutory order from which no immediate appeal may be taken."
 
 Teachy v. Coble Dairies, Inc.
 
 ,
 
 306 N.C. 324
 
 , 326,
 
 293 S.E.2d 182
 
 , 183 (1982) (citations omitted).
 

 In addition, contrary to Petitioner's argument in his "Statement of the Grounds for Appellate Review," the 15 December 2017 order does not "strike[ ] an entire defense, so that the order in effect
 
 grants a demurrer against that defense
 
 [.]" (Emphasis in original). The trial court denied Petitioner's motion to dismiss the determination placing him on the RIL. However, the 15 December 2017 order included no determination that Petitioner
 
 was
 
 a "caretaker" as defined by N.C.G.S. § 7B-101(18a). The effect of the trial court's ruling was simply that Petitioner had not
 
 proven
 
 , as a
 
 matter of law
 
 , that he was not a "caretaker" at any time relevant to DSS's RIL determination. Nothing in the 15 December 2017 order precludes Petitioner from making his "caretaker" argument at a hearing pursuant to his N.C.G.S. § 7B-323 right to judicial review. Because Petitioner's appeal of the 15 December 2017 order is an improper interlocutory appeal from the denial of a motion to dismiss pursuant to Rule 12(b)(1) or Rule 12(b)(6), we grant DSS's motion to dismiss this portion of Petitioner's appeal.
 

 B.
 
 12 January 2018 Order
 

 Petitioner argues that the trial court's denial of his 29 December 2017 "Motion for Jury Trial" affects a substantial right of his that could be lost without immediate review. We agree.
 

 As an initial matter, we note that while the order defendant appeals from is interlocutory, since the trial court denied defendant's request for a jury trial the order affects a substantial right and is, therefore, immediately appealable.
 
 In re McCarroll
 
 ,
 
 313 N.C. 315
 
 ,
 
 327 S.E.2d 880
 
 (1985) ;
 
 Dick Parker Ford, Inc. v. Bradshaw
 
 ,
 
 102 N.C. App. 529
 
 ,
 
 402 S.E.2d 878
 
 (1991).
 

 Dept. of Transportation v. Wolfe
 
 ,
 
 116 N.C. App. 655
 
 , 656,
 
 449 S.E.2d 11
 
 , 12 (1994). We therefore address Petitioner's argument that the trial court erred in denying his motion for a jury trial.
 

 *399
 
 III.
 
 Analysis
 

 Petitioner's argument on appeal is that the North Carolina Constitution requires that he receive a jury trial in the present case. We disagree.
 

 At trial, Petitioner made the following argument relative to the North Carolina Constitution:
 

 [PETITIONER'S ATTORNEY:] I will be up front with you that the statute says you cannot get a jury trial[.]
 

 ....
 

 Right, moving right along. And then number E is the North Carolina Constitution and this is where probably I have and [Petitioner] has the most trouble, page 3 of this section 13, this is the Constitution currently in effect: "Forms of actions: there shall be in this state but one form of action for the enforcement or protection of private rights or the redress of private wrongs which shall be denominated as a civil action," which is what this is, "and which there shall be a right to have issues of fact tried before a jury."
 

 THE COURT: Okay.
 

 [PETITIONER'S ATTORNEY:] And then it says in two, "No rule of procedure or
 
 *471
 
 practice shall abridge substantive rights, abrogate or limit the right of trial by jury." So we need an answer to that.
 

 On appeal, Petitioner first argues: "[U]nder the North Carolina Constitution, '[i]n all actions where legal rights are involved, and issues of fact are joined by the pleadings, [a party] is entitled to a trial by jury.'
 
 Andrews v. Pritchett
 
 ,
 
 66 N.C. 387
 
 , 388 (1872)." However, there is not a constitutional right to a jury trial in
 
 every
 
 action where legal rights are involved and issues of fact are raised. As Petitioner acknowledges, the right to a jury trial in North Carolina is limited: "The right to trial by jury under article I has long been interpreted by this Court to be found
 
 only
 
 where the prerogative existed by statute or at common law
 
 at the time the Constitution of 1868 was adopted
 
 ."
 
 Kiser v. Kiser
 
 ,
 
 325 N.C. 502
 
 , 507,
 
 385 S.E.2d 487
 
 , 490 (1989) (citations omitted) (emphasis added). Nonetheless: "Where the cause of action fails to meet these criteria and hence a right to trial by jury is not constitutionally protected, it can still be created by statute."
 

 Id.
 

 at 508
 
 ,
 
 385 S.E.2d at 490
 
 (citation omitted). In
 
 *400
 
 the present case, it is undisputed that no statutory right exists to a jury trial upon petition for judicial review pursuant to N.C.G.S. § 7B-323.
 

 At the hearing, the director shall have the burden of proving by a preponderance of the evidence the abuse or serious neglect and the identification of the individual seeking judicial review as a responsible individual.
 
 The hearing shall be before a judge without a jury
 
 . The rules of evidence applicable in civil cases shall apply.
 

 N.C.G.S. § 7B-323(b) (emphasis added).
 

 This Court has held the statutory requirement that termination of parental rights proceedings are heard by the trial court without a jury is constitutional.
 

 Proceedings to terminate parental rights in children were unknown at the common law. Nor did they exist by statute at the time of the adoption of our constitution. The statute establishing these proceedings was first adopted by the legislature in 1969. The legislature in adopting this procedure established the policy of having the issues decided by the court without a jury. This was properly the prerogative of the legislature.
 

 There was no right to jury trial at common law in proceedings to terminate parental rights, nor by statute at the time our constitution was adopted, and it is not now provided for by the statute. Therefore, we hold appellant's motion for a trial by jury was properly denied.
 

 In re Ferguson
 
 ,
 
 50 N.C. App. 681
 
 , 683-84,
 
 274 S.E.2d 879
 
 , 880 (1981) (citation omitted). The proceeding in the present case was also unknown at the common law and, therefore, was not subject to the constitutional right to a jury trial.
 

 Id.
 

 However, Petitioner, for the first time on appeal, argues that the matter before us is akin to a common law defamation action and, therefore, should be treated as an action that "existed ... at common law at the time the Constitution of 1868 was adopted."
 
 Kiser
 
 ,
 
 325 N.C. at 507
 
 ,
 
 385 S.E.2d at 490
 
 (citations omitted). Petitioner has not preserved this argument for appellate review.
 

 N.C. Appellate Procedure Rule 10(a)(1) mandates that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request,
 
 *401
 
 objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." .... This general rule applies to constitutional questions, as constitutional issues not raised before the trial court "will not be considered for the first time on appeal."
 

 State v. Spence
 
 ,
 
 237 N.C. App. 367
 
 , 369-70,
 
 764 S.E.2d 670
 
 , 674 (2014) (citations omitted). Petitioner did not make the argument to the trial court that the conduct of DSS in this matter was substantially similar to a common law defamation action. In fact, Petitioner did not make any argument that "the prerogative [of a jury trial] existed ... at common law at the time the Constitution of 1868 was adopted."
 
 Kiser
 
 ,
 
 325 N.C. at 507
 
 ,
 
 385 S.E.2d at 490
 
 (citations omitted). The general constitutional challenge Petitioner made at trial did not "stat[e] the specific grounds for the ruling the party desired the court to make" and
 
 *472
 
 "the specific grounds were not apparent from the context" of Petitioner's argument. N.C. R. App. P. 10(a)(1) ;
 
 Spence
 
 ,
 
 237 N.C. App. at 369-70
 
 ,
 
 764 S.E.2d at 674
 
 . We therefore dismiss this part of Petitioner's argument.
 

 Assuming,
 
 arguendo
 
 , Petitioner had preserved this argument, it would still fail. As Petitioner notes, if he believed DSS engaged in conduct that would warrant it, he "could bring an action for government defamation." Petitioner has that right. If such an action were allowed to proceed to trial, Petitioner would have the right to a jury trial - as would DSS. However, it simply does not follow that placing Petitioner's name on the RIL can be reasonably analogized to initiation of an action for defamation. " 'In order to recover for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person.' "
 
 Craven v. Seiu Cope
 
 ,
 
 188 N.C. App. 814
 
 , 816,
 
 656 S.E.2d 729
 
 , 732 (2008) (citations omitted). DSS did not initiate a defamation action by following the statutory procedures for placing Petitioner on the RIL. Petitioner did not file anything that could be considered a counterclaim to DSS's "action," much less a counterclaim for defamation. There has been no allegation in any pleading that DSS defamed Petitioner. The fact that the allegations against Petitioner necessary for his inclusion on the RIL might be harmful to him, or that the filing of the RIL itself might be harmful to him, cannot transform the present proceeding into an action for defamation, or anything remotely akin to one.
 

 In abuse and neglect proceedings pursuant to Chapter 7B, DSS regularly makes allegations of conduct that could seriously "stigmatize" the persons involved, and potentially "penalize" those persons,
 
 *402
 
 by negatively impacting their abilities to pursue certain jobs or other endeavors. However, as cited above, this Court held that there was no right to a jury trial in termination proceedings.
 
 In re Ferguson
 
 ,
 
 50 N.C. App. at 683-84
 
 ,
 
 274 S.E.2d at 880
 
 ("There was no right to jury trial at common law in proceedings to terminate parental rights, nor by statute at the time our constitution was adopted, and it is not now provided for by the statute. Therefore, we hold appellant's motion for a trial by jury was properly denied."). Although Petitioner's argument concerning the inherent damage to his reputation was not specifically addressed in
 
 In re Ferguson
 
 , we reach the same result with respect to Petitioner's argument. DSS's placement of a person on the RIL cannot itself constitute anything akin to an action for defamation, and does not provide the "responsible individual" with any constitutional right to a trial by jury. This does not mean, of course, that there is no recourse - by a motion in the cause or by separate action - if the RIL process is abused. Because Petitioner had no right to a trial by jury, the trial court did not err in denying Petitioner's motion for a jury trial.
 

 DISMISSED IN PART; AFFIRMED IN PART.
 

 Judges ELMORE and ARROWOOD concur.
 

 [1]
 

 A motion was filed on 6 November 2017, two motions were filed on 14 November 2017, and another motion was filed on 27 November 2017.