HAYWOOD ALSTON v. O. C. HOLT ET AL.

(Filed 9 November, 1916.)

**1. Actions—Forma Pauperis—Orders—Costs—Time Extended—Court's Discretion—Appeal and Error.**

Where suit in *forma pauperis* has been commenced, and thereafter, on defendant's motion, the plaintiff has been ordered by the court to secure the costs by mortgage on his realty, signed by himself and wife, within a certain time, and the plaintiff filed the mortgage signed only by himself, and the defendant subsequently renewed his motion, whereupon the court allowed further time to plaintiff, who did not comply, but tendered the fees for registration of his mortgage, and showed by affidavit that his wife refused to sign it: *Held*, the granting of further time to comply with the order was discretionary with the court, not reviewable on appeal, and the dismissal of the case was final.

**2. Appeal and Error—Courts—Findings — Presumptions — Actions — Forma Pauperis—Costs—Orders.**

It is presumed on appeal, in the absence of findings by the trial judge appearing of record, that he found facts sufficient to support his judgment dismissing a case for failure of the plaintiff to comply with his order to secure the costs of prosecuting it.

CIVIL ACTION to recover damages for personal injuries caused by defendant's negligence, heard by *Cline, J.,* at March Term, 1916, of GUILFORD.

Plaintiff was allowed to sue in *forma pauperis* upon proper application, and afterwards, upon it appearing that he owned real estate valued at from $350 to $600, it was ordered that he give security, make deposit, or execute a mortgage, with his wife, on the property to secure the costs. He deposited with the clerk a mortgage executed by himself alone, and this remained on file for some time. Afterwards, in February, defendant moved that he be required to comply with the order or that the action be dismissed, and he was allowed by the judge until the March Term, 1916, to comply with the order. He then tendered to the clerk $1.50 to pay probate and registration fees, which was sufficient for that purpose. At March Term plaintiff filed an affidavit to the effect that he was unable to make the required deposit or give the bond for costs, and that his wife had refused to sign the mortgage. Therefore, the judge, without finding any facts, except to state that plaintiff had failed to comply with the former order, dismissed the action, and then this appeal was taken.

*John A. Barringer for plaintiff.*
*King & Kimball for defendants.*

WALKER, J., after stating the case: It would seem that the question in this case is settled by the decision in *Dale v. Presnell,* 119 N. C.,

27—172

489, where it was held that the court may make it a condition precedent to the plaintiff continuing the prosecution of his action as a pauper that he shall either give bond to secure the costs or make a deposit or execute a mortgage on his land, with joinder of his wife, for that purpose, the judge having a discretion in the matter, and the court will not interfere with the exercise of that discretion where there is no gross abuse of it. We cannot tell in the present state of the record whether the judge has found as a fact that plaintiff cannot give the bond or make the deposit to secure the costs. If he had found that, by reason of his poverty, he could do neither, a serious question might by presented, as to whether, if the plaintiff had, in good faith, made effort to secure the joinder of his wife in the execution of the mortgage, he should not be entitled to go on with his suit upon giving a mortgage on his own interest in the land and paying the probate and registration fees, as this is all he could do. Whether, in that event, he would be entitled, as matter of law, to continue the prosecution of the action, or whether it would still be a matter of discretion, we do not decide, as the question, in that form, is not before us.

Defendants allege that this land is worth $600, and if so, it would seem that a mortgage upon plaintiff's interest would be a reasonably sufficient security for the costs. The judge at February Term continued the motion of the defendant to dismiss, so that plaintiff would have reasonable time to comply with the order then made that he file with the clerk a mortgage on the land, executed by himself and wife, with proper probate and privy examination, together with the fees to pay for the registration of the mortgage. The plaintiff already, under the prior order, had been allowed sufficient time to file a bond or make a deposit of money to secure the costs, and this extension of time was a mere favor of the court, which it could grant on the condition annexed, as we have seen, that plaintiff should give the mortgage. Plaintiff should have complied with the terms of this order, and not having done so, we cannot aid him in the matter, as, being a matter within the sound discretion of the court, the judge's action is not reviewable here.

If the facts had been found and stated, it may be that we would see more clearly that plaintiff has been deprived of a legal right, as contended by him; but in the absence of such a finding and statement, we must assume that the judge found such facts as would support the judgment, as we do not presume error, but he who alleges it must show it. *Gardiner v. May, ante,* 192; *McLeod v. Gooch,* 162 N. C., 122.

Whether plaintiff can bring another action upon complying with the law in regard to securing the costs, we are not called upon to decide at this time.

No error.