THE LUNDY PACKING COMPANY, A CORPORATION v. AMALGA-MATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL-CIO, AN UNINCORPORATED ASSOCIATION; LOCAL 525, MEAT, FOOD, & ALLIED WORKER UNION, AMAL-GAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL-CIO, AN UNINCORPORATED ASSOCIATION

No. 764SC557

(Filed 1 December 1976)

**Appeal and Error § 6; Rules of Civil Procedure § 34— denial of motion to allow inspection of documents — premature appeal**

Purported appeal from an order denying plaintiff's motion under Rule 34(a) that defendant be required to allow plaintiff to inspect and copy certain documents is an appeal from an interlocutory order not affecting a substantial right and must be dismissed as premature. G.S. 1-277.

APPEAL by plaintiff from *Lanier, Judge.* Order entered 5 April 1976 in Superior Court, SAMPSON County. Heard in the Court of Appeals 18 November 1976.

*Poyner, Geraghty, Hartsfield & Townsend, by Marvin D. Musselwhite, Jr., and Cecil W. Harrison, Jr., for plaintiff appellant.*

*John C. Brooks, for defendant appellee.*

VAUGHN, Judge.

On 10 July 1975, plaintiff started this suit for libel. On 5 December 1975, it filed a motion under Rule 34(a) (as it was then written) seeking an order requiring defendant to allow plaintiff to inspect and copy certain documents. By order entered 29 June 1976, Judge Lanier denied plaintiff's motion. The order recites that there was a hearing on the motion but the record fails to disclose what, if anything, was presented in the hearing before Judge Lanier other than the motion and affidavit.

> "Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30.

In theory, of course, any error by the trial division at any stage of the proceeding affects some right or injury when the aggrieved party must await appellate review after a final judgment. The statute, however, allows appeals from an interlocutory order only when the order affects a "substantial" right. G.S. 1-277. It has been held that a right is "substantial" only if the appellant would lose it if the order is not reviewed before final judgment. *Funderburk v. Justice,* 25 N.C. App. 655, 214 S.E. 2d 310. The rule and its purpose had been stated earlier by the Supreme Court, speaking through Justice Ervin:

> "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment. To this end, the statute defining the right of appeal prescribes, in substance, that an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a *substantial* right *which he might lose if the order is not reviewed before final judgment."* (Emphasis added.) *Raleigh v. Edwards,* 234 N.C. 528, at pp. 529, 530, 67 S.E. 2d 669.

We also decline to allow discretionary review.

> "Such discretion is not intended to displace the normal procedures of appeal, but inheres to appellate courts under our supervisory power to be used only in those *rare cases*

in which normal rules fail to administer to the exigencies of the situation." (Emphasis added.) *Stanback v. Stanback, supra,* at pp. 453, 454.

The record before us discloses no compelling reason why the interlocutory order should be reviewed prior to final judgment.

Appeal dismissed.

Judges BRITT and MARTIN concur.