IN THE MATTER OF: BRENT MELTON McCARROLL, APPLICANT TO THE FEBRUARY 1984 NORTH CAROLINA BAR EXAMINATION

No. 664A84

(Filed 2 April 1985)

1. **Appeal and Error §§ 6.4, 6.9— right of appeal—motions to produce documents, for free transcript, to sue as pauper, and for jury trial**

     The denial of a bar applicant's motion for the production of documents and his motion for a free transcript of the hearing before the Board of Law Examiners did not affect substantial rights and was not immediately appealable. However, the trial court's denial of the applicant's motion to sue as a pauper and his motion for a jury trial did affect substantial rights and could be immediately appealed.

2. **Attorneys at Law § 2— denial of motion to sue as pauper**

     No abuse of discretion was shown in the trial court's order denying a bar applicant's motion to sue as a pauper where the court made detailed findings of fact to support its order, and it is presumed that the evidence is sufficient to support the findings since the evidence is not included in the record on appeal. G.S. 1-110.

3. **Attorneys at Law § 2; Constitutional Law § 24.9— bar admission case—no right to jury trial**

     A bar applicant had no right to a jury trial in his appeal to the superior court from an order of the Board of Law Examiners denying his application to take the N.C. Bar Examination.

APPLICANT-appellant's application to take the February 1984 North Carolina Bar Examination was denied by the North Carolina Board of Law Examiners (Board) on 10 May 1984. From the Board's order, applicant appealed to the WAKE County Superior Court pursuant to Rule .1404 of the Rules Governing Admission to the Practice of Law.

Before the matter was heard on its merits, applicant filed motions for a jury trial, for production of certain documents, for a free transcript of the Board's hearing, and to appeal as a pauper. All four motions were heard and denied by Barnette, J., on 6 July 1984. From the trial court's denial of his motions, applicant appeals directly to this Court pursuant to Rule .1405 of the Rules Governing Admission to the Practice of Law.

*Brent Melton McCarroll, pro se.*

*Erdman, Boggs & Harkins, by Harry H. Harkins, Jr., for appellee.*

PER CURIAM.

[1] No final judgment has been entered by the trial court with regard to the applicant's appeal of the Board's order denying his bar application. "As a general rule, interlocutory decrees are immediately appealable only when they affect a substantial right of the appellant and will work an injury to him if not corrected before an appeal from a final judgment." *Love v. Moore*, 305 N.C. 575, 578, 291 S.E. 2d 141, 144 (1982); *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980). Denial of applicant's motion for production of documents affects no substantial right and is not appealable. *Lundy Packing Co. v. Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO*, 31 N.C. App. 595, 230 S.E. 2d 181 (1976). Nor is his motion for a free transcript appealable. However, the trial court's denial of applicant's motion to sue as a pauper affects a substantial right and is appealable. Similarly, the order denying his motion for a jury trial is appealable. *Matter of Ferguson*, 50 N.C. App. 681, 274 S.E. 2d 879 (1981).

[2] Upon filing his notice of appeal with the Wake County Superior Court, applicant filed an application to sue as a pauper under G.S. 1-110. The Clerk of Superior Court granted him an *ex*

*parte* order allowing him to pursue this action as a pauper. The Board of Law Examiners appealed the clerk's ruling to the Superior Court. Applicant subsequently filed a written motion that he be declared a pauper. The Board's appeal and applicant's motion were heard by Judge Barnette, who denied the motion to sue as a pauper.

Board Rule .1403 requires that the record on appeal be prepared and filed "at the expense of the appellant." The chief expense is the cost of the transcript of the Board's hearing, required by Rule .1403(2). The Clerk of Court also requires the usual fee for filing civil actions. The Rules contain no provision for waiver of these charges. G.S. 1-110 states that a judge or clerk *"may* authorize a person to sue as a pauper in their respective courts . . . ." "The right to sue as a pauper is a favor granted by the court and remains throughout the trial in the power and discretion of the court." *Whedbee v. Ruffin,* 191 N.C. 257, 259, 131 S.E. 653, 655 (1926); *Alston v. Holt,* 172 N.C. 417, 90 S.E. 434 (1916).

The trial judge made detailed findings of fact to support its order. Although applicant excepted to most of these findings of fact, he has offered no argument in his brief that any are unsupported by the evidence. Indeed, he did not include any of the testimony taken by the court in the record on appeal. The findings are therefore conclusive on appeal. "It is well settled that when the evidence is not included in the record, it will be presumed that the evidence was sufficient to support the findings of fact." *Southern Bell Tel. & Tel. Co. v. Petty Communications, Inc.,* 27 N.C. App. 673, 674, 219 S.E. 2d 800, 801 (1975). *See In re Housing Authority,* 233 N.C. 649, 65 S.E. 2d 761 (1951); *Bethea v. Bethea,* 43 N.C. App. 372, 258 S.E. 2d 796 (1979), *cert. denied,* 299 N.C. 119, 261 S.E. 2d 922 (1980). Clearly, no abuse of discretion has been shown here.

[3] The trial court denied the applicant's motion that his appeal from the Board's order be heard by a jury and that Board Rule .1404 be declared unconstitutional. This rule requires the judge to hear bar application appeals without a jury. G.S. 150A-50, the Administrative Procedure Act, contains a similar provision. Applicant contends that Article I, § 25 of the North Carolina Constitution mandates that he be allowed a jury trial.

In *North Carolina State Bar v. Dumont*, 304 N.C. 627, 286 S.E. 2d 89 (1982), this Court rejected the contention of an attorney that he had a constitutional right to a trial by jury in a disciplinary proceeding. At one time, trial by jury did exist in attorney disciplinary proceedings. There has never been a right to trial by jury in bar admission cases, either for the original application or on appeal. The argument is wholly without merit and is rejected.

For the foregoing reasons, the orders denying applicant's motions for a jury trial and to sue in forma pauperis are affirmed and the case is remanded to the Superior Court of Wake County for further proceedings not inconsistent with this opinion.

No error.