ATLANTIC INSURANCE & REALTY COMPANY v. IDA MAE DAVIDSON

No. 8618DC45

(Filed 5 August 1986)

Appeal and Error § 19— appeal as pauper denied—no abuse of discretion

The trial court did not abuse its discretion in refusing to allow petitioner to appeal as a pauper from the magistrate to the district court when her affidavit showed she owned a home worth $27,150.

Judge WHICHARD concurring in the result.

Judge JOHNSON dissenting.

APPEAL by petitioner from *Bencini, Judge.* Order entered 11 October 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 3 June 1986.

The petitioner appeals from an order of the District Court of Guilford County which denied her the right to appeal from a magistrate to the district court in forma pauperis. On 1 October 1985 a magistrate entered a judgment in favor of the plaintiff against the defendant petitioner for $47.00 plus court costs. She filed a petition to sue as a pauper in the district court. The affidavit in support of this petition showed that she owned a house and lot with a tax value of $27,150.00. The assistant clerk of the superior court filed an order in which she concluded, "[i]n view of the Affidavit and Certification appearing above, it is ordered that the individual petitioner in the above entitled action is not authorized to bring suit in this action [a]s a pauper." Judge Bencini in an order made the same conclusion and recited "[petitioner] owns a home worth $27,150.00 or more and has personal property that is unencumbered."

---

Atlantic Ins. & Realty Co. v. Davidson

---

The petitioner appealed.

*No brief filed by plaintiff appellee.*

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for petitioner appellant.*

WEBB, Judge.

The question posed by this appeal is whether it was error not to allow the petitioner to appeal as a pauper from the magistrate to the district court. G.S. 1-110 provides for a person to bring an action in the district court as a pauper but does not provide for an appeal from a magistrate as a pauper. G.S. 1-288 provides for an appeal as a pauper from the district and superior courts but does not provide for an appeal from a magistrate to the district court.

If a defendant against whom a magistrate has rendered a judgment may appeal as a pauper it is within the discretion of the judge as to whether it shall be allowed. *See In re McCarroll,* 313 N.C. 315, 327 S.E. 2d 880 (1985). We cannot hold the court abused its discretion by not allowing the petitioner to appeal as a pauper when her affidavit showed she owned a home worth $27,150.00.

We do not believe our decision in this case violates the constitutional requirements enunciated in *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. 2d 113 (1971) upon which the petitioner relies. That case holds it is a violation of due process to deprive a person of the right to file a divorce action if the person cannot pay the court costs. In this case there is evidence that the petitioner had the means to pay for the costs of the appeal. *Adkins v. E. I. Dupont de Nemours & Co.,* 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948) deals with the interpretation of a federal statute in regard to appeals. It is not applicable to this case. The petitioner also relies on cases from other jurisdictions which are not binding upon us.

Affirmed.

Judge WHICHARD concurs in the result.

Judge JOHNSON dissents.

Judge WHICHARD concurring in the result.

I concur in the result reached. I believe, however, that in the absence of any express statutory authorization for proceeding as a pauper when appealing to district court from an adverse ruling by a magistrate, we must hold that the trial court was not permitted to consider defendant's petition "to sue as" a pauper.

N.C. Gen. Stat. 1-110 provides that a court "may authorize a person *to sue* as a pauper . . . ." (Emphasis supplied.) This language is clear and unambiguous and therefore must be construed as written. *See State v. Wiggins*, 272 N.C. 147, 153-54, 158 S.E. 2d 37, 42-43 (1967), *cert. denied,* 390 U.S. 1028, 88 S.Ct. 1418, 20 L.Ed. 2d 285 (1968). It cannot be construed to permit a trial judge or clerk to authorize an *appeal* as a pauper to district court from an adverse judgment rendered in magistrate's court.

N.C. Gen. Stat. 1-288 provides for appeals as a pauper from superior or district court to the Appellate Division. Like N.C. Gen. Stat. 1-110, N.C. Gen. Stat. 1-288 requires submission of an affidavit of indigency. Unlike N.C. Gen. Stat. 1-110, however, N.C. Gen. Stat. 1-288 also requires that "[t]he affidavit must be accompanied by a written statement from a practicing attorney . . . that he has examined the . . . case, and is of the opinion that the decision of the Court . . . is contrary to law." As with N.C. Gen. Stat. 1-110, N.C. Gen. Stat. 1-288 cannot be construed to permit an appeal in this instance.

For whatever reasons, our legislature has failed to enact statutory provisions similar to those in N.C. Gen. Stat. 1-288 for appeals to district court from an adverse ruling rendered in magistrate's court. Further, N.C. Gen. Stat. 1-288 greatly circumscribes the availability of pauper status for appeals to this Court by requiring a written assertion by an attorney that there has been an error of law. Before reaching the question of whether the court properly exercised its discretion, we would first have to resolve 1) whether persons in defendant's situation may ever proceed as paupers when appealing to district court from magistrate's court, and 2) if they can, whether the availability of pauper status for such appeals should be limited in a manner similar to the requirements of N.C. Gen. Stat. 1-288 or otherwise. These are policy questions for the legislature.

I thus would not reach the question of whether the court abused its discretion by not allowing petitioner to appeal as a pauper. If that question should be reached, in my view it is impossible to ascertain from this record whether the court in fact exercised its discretion or whether it ruled as a matter of law, based on petitioner's ownership of her home, that she could not appeal. Accordingly, if the court had discretion to allow the appeal, and I do not believe it did, I would remand for findings establishing that it in fact exercised its discretion.

The constitutionality of this state of the law was not raised and considered in the trial court, and we thus should not pass upon it here. *Powe v. Odell,* 312 N.C. 410, 416, 322 S.E. 2d 762, 765 (1984); *White v. Pate,* 308 N.C. 759, 765, 304 S.E. 2d 199, 203 (1983); *Brice v. Moore,* 30 N.C. App. 365, 368, 226 S.E. 2d 882, 884 (1976).

Judge JOHNSON dissenting.

I respectfully dissent from the majority opinion for the following reasons. First of all, it is not clear to me from the "Order" the basis upon which the trial court exercised its discretion and denied petitioner's appeal as a pauper. Said "Order" is merely a handwritten statement "defendant owns a home worth $27,150.00 or more and has personal property that is unencumbered." There are no findings with respect to petitioner's sworn affidavit whereby she states that she is 65 years of age and unable to work due to high blood pressure and a heart condition; that her sole source of income is a $220.00 per month social security check and a monthly $120.00 SSI check; that her monthly expenses total $362.00 per month; that her money runs out about the 20th of each month whereupon she subsists on leftover crackers, bread and beans until her next month's check arrives. I do not believe the absence of findings regarding petitioner's ability to finance her appeal complies with *In re McCarroll,* 313 N.C. 315, 327 S.E. 2d 880 (1985). Secondly, the majority opinion makes much of the fact that G.S. 1-110 and G.S. 1-288 do not specifically provide for an appeal in forma pauperis from a magistrate to the district court. I think it would be anomalous for the General Assembly to provide for a person to bring an action in the district court, G.S. 1-110, and provide for a pauper to appeal from district court to superior court, G.S. 1-288, but not allow for a pauper to appeal

from an adverse judgment rendered in magistrate's court. More-over, I believe G.S. 6-24 expresses the General Assembly's intent to allow for such an appeal by a pauper.

Lastly, I remain unconvinced that *Boddie v. Connecticut*, 401 U.S. 371, 28 L.Ed. 2d 113, 91 S.Ct. 780 (1971), allows for such a troublesome result as in the case *sub judice*. Moreover, while *Adkins v. E. I. Dupont de Nemours & Co.*, 335 U.S. 331, 93 L.Ed. 43, 69 S.Ct. 85 (1948), did interpret a Federal Statute, I agree with the sentiments expressed by the Court and would not require a person to be completely destitute to appeal in forma pauperis from magistrate's court to district court.