IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-910

Filed 20 May 2026

Iredell County, No. 21CVS003044-480

AMY DELENE f/k/a AMY DELENE KEAN, Plaintiff,

v.

WARREN PAUL KEAN, Defendant.

Appeal by plaintiff from orders entered 27 December 2024, 17 January 2025, and 2 April 2025 by Judge Matthew T. Houston in Iredell County Superior Court. Heard in the Court of Appeals 24 March 2026.

*Averett Family Law, by Kirsten A. Grieser, for plaintiff-appellant.*

*Fox Rothschild LLP, by Kip D. Nelson, for defendant-appellee.*

DILLON, Chief Judge.

Plaintiff Amy Delene appeals after the trial court imposed sanctions that, *inter alia,* struck Plaintiff's complaint and responsive pleadings and entered default and default judgment against her on Defendant Warren Kean's counterclaims. We affirm.

I. Background

In November 2021, Plaintiff brought this present suit against Defendant alleging various tort claims, including malicious prosecution, intentional infliction of

emotional distress, negligent infliction of emotional distress, and punitive damages.[1] After answering and bringing counterclaims, Defendant served on Plaintiff his "First Set of Interrogatories and Requests for Production[.]" Shortly thereafter, Plaintiff answered the same. Concluding Plaintiff's responses were insufficient and after attempting to resolve the deficiencies, Defendant moved to compel.

In January 2024, the trial court entered an order granting in part Defendant's motion to compel. Over the next year, though Plaintiff supplemented her responses on several occasions, her responses were not complete. During this time Defendant sought an order (1) holding Plaintiff in contempt and (2) imposing sanctions under Rule 37 of our Rules of Civil Procedure. However, the trial court continued to allow Plaintiff additional time to fully comply with its January 2024 order.

Finally, in April 2025, after a hearing on the matter, the trial court entered an order granting Defendant's motion to sanction Plaintiff for her failure to satisfy her discovery obligations. Specifically, the trial court sanctioned Plaintiff by striking her complaint and responsive pleadings, dismissing her claims with prejudice, and entering default judgment against her on Defendant's counterclaims on the issue of liability. The court, though, did not make any finding that Plaintiff was in either civil

---

[1] This present case is the third between these parties. In the first action, Plaintiff sued Defendant seeking, *inter alia*, postseparation support, permanent alimony, equitable distribution. Later, Defendant sued Plaintiff in a different action alleging various tort claims. This present matter concerns only Plaintiff's tort claims, not her domestic claims or Defendant's tort claims.

or criminal contempt of its prior orders. The court, however, permitted Plaintiff to contest the issue of relief on Defendant's counterclaims at trial. Plaintiff appealed.

## II.    Appellate Jurisdiction

Before reaching the merits of Plaintiff's appeal, we must address the threshold inquiry of whether we have appellate jurisdiction over Plaintiff's appeal.

The sanctions order from which Plaintiff appeals is arguably interlocutory, as the trial court left open certain issues concerning Defendant's counterclaims. *See Veazey v. City of Durham*, 231 N.C. 357, 361–62 (1950) ("A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court."). Though appeals from interlocutory orders are typically not timely, we do have jurisdiction to review such orders where they affect a substantial right. *Sharpe v. Worland*, 351 N.C. 159, 161–62 (1999). Indeed, our General Assembly, the body that prescribes our appellate jurisdiction, N.C. Const. art. IV, § 12(2); *see also State v. Stubbs*, 368 N.C. 40, 43–44 (2015), has permitted litigants to appeal "from every judicial order . . . that affects a substantial right[,]" N.C.G.S. § 1-277(a); *see also* N.C.G.S. § 7A-27(b)(3)(a).

Plaintiff, however, asserts in her brief that we have jurisdiction over this appeal because the order from which she appeals imposing Rule 37(b) sanctions *is a final judgment.*

We have held that the appellant has the burden of showing in her brief the proper basis of our Court's jurisdiction to hear her appeal. *See Larsen v. Black*

*Diamond*, 241 N.C. App. 74, 76–77 (2015); *Jeffreys v. Raleigh Oaks*, 115 N.C. App. 377, 379 (1994) ("[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]").  Indeed, Rule 28(b)(4) of our Rules of Appellate Procedure requires the appellant to include in her brief "[a] statement of the grounds of appellate review" and that "[w]hen an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right."

For the reasoning below, we conclude the sanctions order is, indeed, interlocutory, *but that* the order affects a substantial right and is, thus, immediately appealable.  We further conclude Plaintiff's failure to meet her burden of explaining the basis of our appellate jurisdiction as required by Rule 28(b)(4) *may* warrant dismissal of her appeal but does not otherwise deprive us of appellate jurisdiction.

Our Supreme Court and our Court have held that orders imposing sanctions pursuant to Rule 37(b) are immediately appealable because they affect a substantial right.  *Willis v. Duke Power Co.*, 291 N.C. 19, 30 (1976) ("Under these circumstances the contempt order [entered pursuant to Rule 37] 'affects a substantial right' and is appealable under General Statutes 1-277 and 7A-27(d)(1)."); *Adair v. Adair*, 62 N.C. App. 493, 495 (1983); *Vick v. Davis*, 77 N.C. App. 359, 360 (1985); *Clark v. Penland*, 146 N.C. App. 288, 291 (2001); *In re Pedestrian Walkway Failure*, 173 N.C. App. 254, 262 (2005);  *Keesee v. Hamilton*, 235 N.C. App. 315, 320 (2014); *Feeassco, LLC v. Steel Network, Inc.*, 264 N.C. App. 327, 331–32 (2019).

In *Willis*, our Supreme Court reviewed a trial court order holding a defendant in contempt after the defendant failed to comply with an earlier discovery order. 291 N.C. at 26–27. Our Court concluded the order was not immediately appealable. *Id.* Our Supreme Court, however, disagreed, concluding the contempt order affected a substantial right, reasoning a defendant is permitted to immediately appeal such an order to test the "validity both of the original discovery order and the contempt order itself" when the only way to purge oneself of the contempt order is to comply with the discovery order. *Id.* at 30. The *Willis* Court, though, in *dicta*, quoted a *federal* case which explained that an order holding a party in *criminal* contempt for failure to comply with a discovery order was appealable because it was a "final" judgment. *Id.* at 29–30 (citing *Southern R. Co. v. Lanham*, 403 F.2d 119, 125–126 (5th Cir. 1968).[2]

There are cases from our Court which have held or otherwise suggested that an order imposing Rule 37 sanctions is immediately appealable as a final judgment. *See, e.g., Walker v. Liberty Mut.*, 84 N.C. App. 552, 554–55 (1987) (citation omitted)

---

[2] The federal court in *Lanham* outlined three situations involving contempt orders. 403 F.2d at 124. First, the Court explained "[i]t is well established that as to a party to a suit a civil contempt order is interlocutory and reviewable only upon appeal taken from a final judgment or decree." *Id.* (citation omitted); *see also Fox v. Cap. Co.*, 299 U.S. 105, 107 (1936). It then distinguished the previously mentioned scenario from instances where a *non-party* is adjudicated to be in civil contempt, reasoning that a contempt order in the latter is "final and appealable" due to the non-party's inability to "appeal the final decision on the merits," and orders that fall under the former "lack[ ] the requisite finality because its validity can be tested by an appeal from the final judgment." *Id.* (citations omitted); *see also United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). Finally, the Court reiterated that "an adjudication of *criminal* contempt is a *final judgment* and the contemnor, whether a party or non-party, may obtain immediate review by appeal." *Id.* (emphases added and citations omitted); *see also id.* at 125 ("Appeal from an adjudication of criminal contempt is a recognized means of obtaining immediate review to test discovery orders." (citations omitted)).

("However, when the order is enforced by sanctions pursuant to . . . Rule 37(b), the order is appealable as a final judgment."); *Smitheman v. Nat'l Presto Indus., Inc.*, 109 N.C. App. 636, 640 (1993) (same); *Batesville Casket Co., Inc. v. Wings Aviation, Inc.*, 214 N.C. App. 447, 457 (2011) (citation omitted) (same); *Dunhill Holdings, LLC v. Lindberg*, 282 N.C. App. 36, 53 (2022), *see also id.* at n.5 (2022) (citation omitted) (same but noting in a footnote the substantial rights line of cases).

In *Walker*, we considered the appeal from an order granting the plaintiff's motion to compel. 84 N.C. App. at 554. From the *order to compel*, the defendant appealed. *Id.* Crucially, the trial court did *not* impose any Rule 37(b) sanctions on the defendant. While this Court ultimately dismissed the appeal as interlocutory, we stated in dicta that "when the order is enforced by sanctions pursuant to [Rule 37(b)], the order is appealable as a final judgment." *Id.* at 554–55 (first citing *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 736 (1982), then citing *Alexander v. United States*, 201 U.S. 117, 121 (1906), then citing *Willis*, 291 N.C. at 30).

More recently, our Court assessed the merits of an order imposing monetary sanctions, reasoning that the order was "a final judgment" because it "impos[ed] sanctions under Rule 37(b)[.]" *Batesville*, 214 N.C. App. at 457. Similarly, in another case, we reached the merits for the same reason because the order, "struck all pleadings from [the plaintiff and third-party defendant,]" and also "ruled in favor of [the defendant/third-party plaintiff] on all liability issues by dismissing [the plaintiff's] claims with prejudice and grant[ed] default judgment against [the plaintiff

and third-party defendant] on all of [the defendant/third-party plaintiff's claims,] reserv[ing] the issue of damages for trial." *Dunhill*, 282 N.C. App. at 52–53.

We are thus confronted by two differing lines of cases addressing the same issue. On the one hand, in some we treat a sanctions order that strikes pleadings and determines liability as a normal, interlocutory appeal requiring there to be Rule 54(b) certification or for the order to affect a substantial right. *Feeassco*, 264 N.C. App. at 331; *see also Adair*, 62 N.C. App. at 495; *Vick*, 77 N.C. App. at 360. On the other hand, we have treated such orders as final judgments. *Walker*, 84 N.C. App. at 554–55; *Dunhill*, 282 N.C. App. at 53.

Prior to deciding *Walker*, our Court decided *Adair* and *Vick*. Accordingly, the *Walker* panel was bound by the *Adair* and *Vick* panels' decisions. *See In re Civil Penalty*, 324 N.C. 373, 384 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Specifically, *Adair* and *Vick* involved cases where the order struck the party's pleadings and entered judgment on the party's liability just as the sanctions order does here. *See Adair*, 62 N.C. App. at 495; *Vick*, 77 N.C. App. at 360. Thus, the proper analysis for the question of whether an interlocutory order imposing sanctions is immediately appealable (specifically those that strike a party's pleadings and enter judgment as to liability against that party under Rule 37(b)), is to assess whether the

order affects a substantial right.[3]

However, this is not the end of our inquiry.

Specifically, we must address the divergent line of cases from our Court as to whether an appellant's failure to meet her burden under Rule 28(b)(4) of our Rules of Appellate Procedure to explain how the order affects a substantial right deprives our Court to consider an appeal over which we would otherwise have jurisdiction.

For example, on the one hand, we have stated that Rule 28(b)(4) is a jurisdictional rule. *Larsen*, 241 N.C. App. at 77 ("Rule 28(b)(4) is not a non-jurisdictional rule."). In *Larsen*, we concluded that since the appellants failed to establish in their principle brief the basis of our jurisdiction over an interlocutory order, the appeal "must be dismissed." *Id.* at 79.

And in another case, relying on *Larsen*, we held we were "compelled to dismiss the appeal" where the appellant failed to comply with Rule 28(b)(4). *Edwards v, Foley*, 253 N.C. App. 410, 412–13 (2017).

However, we have also held that non-compliance with Rule 28(b)(4) is a "non-jurisdictional failure" to comply with our Rules, but "does not mandate dismissal." *Judd v. Tilghman*, 272 N.C. App. 520, 524 (2020) (citing *Dogwood v. White Oak*, 362 N.C. 191, 194 (2008)).

---

[3] We do not address whether an order entered in a civil case holding a party or non-party in criminal contempt for failing to comply with a trial court order is rightfully appealable as a final judgment. And we do not address whether an order holding a non-party to a civil action for failing to comply with an order entered in that action should be treated as a final judgment as to that non-party.

It is true that our Rules of Appellate Procedure require appellants to include in their briefs a statement of grounds for appellate review and that "[w]hen an appeal is interlocutory, the statement must contain sufficient facts and arguments to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). It is also true our Supreme Court has described some appellate rules as "jurisdictional" and others "non[-]jurisdictional." *Dogwood*, 362 N.C. at 197–99. But it is also true our Supreme Court has also provided that our Rules of Appellate Procedure do not limit our Court's appellate jurisdiction. *See* N.C. R. App. Pro. 1(c). "As stated plainly in Rule 1 of the Rules of Appellate Procedure, '[t]hese rules *shall not* be construed to extend or limit the jurisdiction of the courts of the appellate division as [that jurisdiction] is established by law.' " *Stubbs*, 368 N.C. at 43–44 (emphasis added) (quoting N.C. R. App. Pro. 1(c)). "In other words, because the state constitution gives the General Assembly the power to define the jurisdiction of the Court of Appeals, only the General Assembly can take away the jurisdiction that it has conferred." *State v. Thomsen*, 369 N.C. 22, 25 (2016); *see also* N.C. Const. art. IV, § 12(2) ("The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe."); N.C. Const. art IV, § 13(2) ("The Supreme Court shall have exclusive authority to make *rules of procedure and practice* for the Appellate Division." (emphasis added)); *but see Dogwood*, 362 N.C. at 197–98 (2008) (explaining Rule 3 of the Appellate Rules of Procedure as "jurisdictional" and compliance with Rule 3's requirements is needed to confer appellate jurisdiction but

describing Rule 28(b)(6) as "non[-]jurisdictional").[4]

We hold we have jurisdiction to consider Plaintiff's appeal. Further, in light of the divergent line of cases as to whether an order imposing sanctions under Rule 37 is interlocutory or final, we exercise our discretion to overlook Plaintiff's failure to comply with her obligation to properly state the basis of our jurisdiction in her brief.[5]

### III. Analysis

Plaintiff raises two issues on appeal, which we address in turn.

### A. Motion to Continue

Plaintiff argues the trial court erred in denying her motion to continue by the January 2025 order. We disagree.

On 27 December 2024, the trial court entered the December 2024 order which required Plaintiff to comply with the January 2024 order and reserved the right to sanction Plaintiff pursuant to Defendant's earlier motion. Due to a possible cancer diagnosis and accompanying treatment, Plaintiff moved to continue and sought an extension of time to comply with the December 2024 order. The trial court denied Plaintiff's motion.

---

[4] *Dogwood's* statement that Rule 3 is "jurisdictional" could simply be a statement that the Rule is an extension of our General Assembly's directive in G.S. 1-279.1 that "[a]ny party entitled by law to appeal from a judgment or order . . . may take appeal by giving notice of appeal within the time, in the manner, and with the effect provided in the rules of appellate procedure." That is, our General Assembly, who defines our jurisdiction, has provided that a party cannot "take appeal" without giving "notice of appeal" as provided in the Rules of Appellate Procedure. *Id.*

[5] In the event our Supreme Court determines we are incorrect in our analysis and that Plaintiff's failure to comply with Rule 28(b)(4), out of the abundance of caution, in our discretion we grant *certiorari* to consider the merits of Plaintiff's appeal.

We review a trial court's decision to grant or deny a motion to continue under an abuse of discretion standard. *Shankle v. Shankle*, 289 N.C. 473, 483 (1976); *In re H.A.J.*, 377 N.C. 43, 47 (2021). "[A] denial of a motion to continue is only grounds for a new trial when [the] defendant shows both that the denial was erroneous, and that he suffered prejudice as a result of the error." *Wyman v. Barber*, 300 N.C. App. 319, 328 (2025) (internal marks omitted) (quoting *In re L.A.J.*, 381 N.C. 147, 149 (2022)).

Plaintiff argued in her brief that the denial of her motion to continue amounted to error, but Plaintiff failed to argue in what way she suffered prejudice in light of the trial court's denial. *See id.* By failing to make such argument in her brief, Plaintiff has abandoned the issue pursuant to our Rules of Appellate Procedure. *See* N.C. R. App. Pro. 28(b)(6). Thus, while sympathetic to Plaintiff's situation, we conclude the trial court did not err in denying Plaintiff's motion to continue.

## B. Sanctions Order

Next, Plaintiff argues the trial court erred in entering the December 2024 order and the sanctions order. We are not persuaded.

Beginning with the December 2024 order, Plaintiff takes issue with the following portion of that order:

> Not later than January 17, 2025, at 5:00 pm ET, shall file and serve a signed certification under oath confirming that Plaintiff has complied in all respects with Judge Wood's January 5, 2024 Order (including by completing the production and identification of all materials by the Order) and specifying the manner by which Plaintiff complied with that Order (e.g., a statement identifying the date of

the supplemental production(s) made in response to the Order, the Bates ranges of materials produced in response to each Request for Production, identification and explanation of any materials required to be produced that were not produced, etc.)[.]

(Bold and emphasis omitted).

First Plaintiff argues this decretal portion of the December 2024 order was a purge condition, which, as acknowledged by Plaintiff cannot be the case as the trial court did not find Plaintiff in contempt of the January 2024 order. Second, and in the alternative, Plaintiff argues the same decretal portion was, in essence, another order to compel that was not precipitated by proper notice or motion. The trial court did not enter a new "order to compel," but rather, it graciously extended the period of time—indeed, giving Plaintiff more than a year after *entry* of the January 2024 order—by which Plaintiff was required to comply with the January 2024 order. North Carolina appellate courts have not found issue with such an extension. *See Alston v. Holt*, 172 N.C. 417, 418 (1916) (explaining that the trial court's grant of extension of time to comply with an earlier order "was a mere favor of the court"); *Ajayi v. Seaman*, 295 N.C. App. 283, 290 (2024) (not raising issue with the fact the trial court gave the plaintiff additional time to comply with an order to compel before ruling on the defendant's show cause motion).

Regarding the sanctions order, Plaintiff argues there was insufficient evidence to support the findings that Plaintiff failed to comply with the trial court's earlier orders. However, in a court filing attempting to demonstrate compliance with the

January 2024 order, Plaintiff's counsel conceded Plaintiff has failed to produce all of her employment, financial, and medical records. *See Woods v. Smith*, 297 N.C. 363, 374 (1979) (explaining that a judicial admission is "a formal concession made by a party (usually through counsel) in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute").[6]

Also, Plaintiff acknowledges that while the trial court ordered Plaintiff to compel certain documents, the trial court did not sufficiently find that Plaintiff violated the order to compel in the April 2025 order's findings of fact. This position is simply untenable based on the record. The order is replete with findings of fact stating Plaintiff has failed to comply with her discovery obligations and the trial court's earlier orders. That the trial court did not specifically find Plaintiff "violated" but only found Plaintiff "failed to comply" with the order to compel does not require this Court to vacate the sanctions order. Indeed, subsection (b)'s heading is labeled "Failure to comply with order." *See* N.C.G.S. § 1A-1, Rule 37(b); *Bumgarner v. Reneau*, 332 N.C. 624, 630 (1992) ("Rule 37 establishes certain sanctions for *failure of a party to comply* with discovery processes. The imposition of sanctions under Rule 37 for *failure to comply* . . . is within the sound discretion of the trial judge."

---

[6] Plaintiff also claims the trial court erred by failing to specify in both the December 2024 and January 2025 orders how she failed to comply with the January 2024 order. We disagree. As Defendant correctly notes, this Court has previously held that a trial court need not specifically find or conclude how a party failed to comply with a discovery order. *See Burns v. Kingdom Impact Glob. Ministries, Inc.*, 251 N.C. App. 724, 730 (2017).

(emphases added and citation omitted)); *Pugh v. Pugh*, 113 N.C. App. 375, 379 (1994) ("Generally sanctions under Rule 37 are imposed only for the *failure to comply* with a court order." (emphasis added and citation omitted)).

Finally, Plaintiff argues the trial court abused its discretion because it did not choose less severe sanctions. We have held a "trial court is not required to *impose* lesser sanctions, but only to *consider* lesser sanctions." *In re Pedestrian Walkway Failure*, 173 N.C. App. at 251 (emphases in original) (citations and marks omitted). Thus, when the imposed sanctions are appropriate and "it may be inferred from the record that the trial court considered all available sanctions[,]" we can properly affirm the order. *Id.* (citation and marks omitted).

Here the trial court found as a fact "that Plaintiff has previously been sanctioned in connection with discovery proceedings between the parties, and previous sanctions entered against Plaintiff have not deterred Plaintiff's conduct." Relevant here, the trial court concluded:

> 14.    Plaintiff's failures and refusals to comply with Judge Wood's January [2024] Order, and otherwise with her discovery obligations in this case, are sanctionable.
>
> 15.    The [c]ourt has previously imposed sanctions less serious than those imposed by this [o]rder, and those sanctions have not remedied Plaintiff's failures to comply with the [c]ourt's various [o]rders or the North Carolina Rules of Civil Procedure, nor have they otherwise been sufficient to deter Plaintiff's egregious ongoing conduct.
>
> 16.    The [c]ourt has again considered all available sanctions, *including those less significant than those*

*imposed by this [o]rder*, and concludes that any lesser sanctions would be insufficient and inadequate to address Plaintiff's dilatory and improper conduct, to remedy the prejudice to Defendant, or otherwise to address the matters at issue, particularly considering the extent of Plaintiff's failures, the procedural posture of the case, and related facts and circumstances of record.

18.     Rather, Plaintiff's repeated misconduct and failures warrant imposition of significant sanctions . . . .

(Emphasis added).

Evidently, not only does the record permit us to infer the trial court considered lesser sanctions, but the trial court clearly states that it considered whether lesser sanctions were warranted and concluded otherwise. It was not required to actually impose lesser sanctions. *See Id.*

Accordingly, we conclude the trial court did not abuse its discretion in imposing the significant sanctions against Plaintiff. *See Joyner v. Mabrey Smith Motor Co.*, 161 N.C. App. 125, 129 (2003) ("[T]he imposition of sanctions[ ] is within the broad discretion of the trial court . . . [and] will only be overturned . . . upon showing an abuse of that discretion." (citation and marks omitted)).

IV.     Conclusion

Despite the interlocutory nature of Plaintiff's appeal, the order imposing sanctions affects a substantial right, and thus is immediately appealable. However, the trial court did not abuse its discretion when it denied Plaintiff's motion to continue nor did the trial court abuse its discretion in imposing severe sanctions

against Plaintiff.

AFFIRMED.

Judges WOOD and GRIFFIN concur.